GEORGE M. GERHARD *et ux.*, Appellants, *vs.* THE SEEKONK
RIVER BRIDGE COMMISSIONERS.

A highway bridge, built under the authority of the State, was carried over tide-flowed flats,
and was supported by a pier which raised the roadway much above its former level, and
blocked access to the highway from side streets which previously debouched on it.

*Held*, that persons claiming to hold the tide-flowed flats under leases from the riparian owners
were not entitled to compensation.

*Held*, further, that owners of land on the side streets were not entitled to compensation for
injury to the value of their estates caused by the bridge and pier.

Tide-flowed lands in Rhode Island belong to the State.

Abuttors on a public street have as abuttors no right to compensation if, by authority of the
State, portions of the street not in front of their estates are obstructed.

Otherwise if the abuttors have a private easement in the obstructed street.

EXCEPTIONS to the Court of Common Pleas.

Commissioners appointed under Pub. Laws R. I. cap. 349, of
March 28, 1883, and acting under the authority given to them by
that act, built a bridge across the Seekonk River from Providence
to East Providence. The east part of the bridge passed over tide-
flowed flats, and was supported at its end by a masonry pier which
completely blocked Warren Avenue, a street in East Providence
that had been a highway since A. D. 1735. The bridge continued
Warren Avenue westerly, but its erection raised the avenue much
above its former grade.

Persons claiming to have leases of the tide-flowed flats from the
riparian owners, and persons owning realty on side streets which
debouched on Warren Avenue at its former level, but which were
cut off from Warren Avenue by the east pier of the bridge and
the new grade of the avenue made necessary by the pier, presented
claims for damages to the commissioners, and on the rejection of
their claims appealed to the Court of Common Pleas, and on the
dismissal of their appeals filed their exceptions in this court, charg-
ing that the dismissal of their appeals by the Court of Common
Pleas was error.

*June* 19, 1886. PER CURIAM. The first question arising under
the motion and agreed statement is whether George M. Gerhard
and wife, as lessees of tide-flowed flats on which the bridge was
in part erected, had any such property in the flats as would entitle
them to compensation. This court has decided that the title to

the soil under tide-water is in the State, and that even the estab-
lishment of a harbor line does not transfer the fee to the riparian
owner, but only operates as a license to him to fill out and incor-
porate the flats with the upland.  We do not think, therefore, that
Gerhard and wife can be held to have acquired under their lease
any interest as against the State in the flats occupied by the
bridge, and consequently we think that they are not entitled to
compensation, the bridge having been built by authority of the
State.

The flats being used for the erection of the bridge, which is a
part of the public highway, still remain for public use.  Therefore
the question which has sometimes been suggested, whether the
State is the owner of the soil under tide-water otherwise than as
trustee for public purposes, does not arise.

The second question is whether the erection of an abutment of
the bridge across Warren Avenue, thereby interrupting the use of
the avenue as a thoroughfare, entitles the appellants to compensa-
tion.   No portion of the land of the appellants is occupied by the
abutment, and their only claim for damages arises from the fact
that they are the owners of estates on Warren Avenue and upon
other contiguous streets, and are greatly injured in going to and
from their estates by the obstruction, the value of their estates be-
ing thereby very much impaired.  It does not appear from the
statement that the appellants have any private right or easement
in Warren Avenue unless they have it as abuttors.   The question
therefore is whether the abuttors upon a public street, simply as
abuttors, have any right of travel in the street as against the State
which would entitle them to compensation if the street be ob-
structed under the authority of the State, in a case where no por-
tion of the street in front of their abutting estates is occupied or
obstructed.   We do not think that they have any such right.
The easement of travel which they enjoy is a public easement,
and they enjoy it simply as a portion of the public.   It is compe-
tent for the State, representing the public, to authorize the entire
discontinuance of the street, and *a fortiori* its partial obstruction,
at least so long as the abuttors have, as they have in the present
case, access and egress to and from their estates by other ways.
This was expressly so decided in *Fearing* v. *Irwin*, 55 N. Y. 486;

*Paul* v. *Carver*, 24 Pa. St. 207 ; *Bauer* v. *Andrews*, 7 Phila. 359. And see, also, *State* v. *Dexter*, 10 R. I. 341 ; *The People* v. *The Supervisors of Ingham County*, 20 Mich. 95. Some of the cases cited by the appellants seem to have been, or to have been assumed to have been, cases where the owner of a tract of land platted it into house-lots with intersecting streets and sold the lots by plat. In such cases, without doubt, the abuttors acquire a private easement in the platted streets distinct from the public easement, and the State could have no power to destroy the street by an obstruction without compensation to the purchasers by the plat injured by such obstruction. The other cases which are in point are in conflict with the great weight of authority, and we are not disposed to follow them.                         *Exceptions overruled.*

*Amasa M. Eaton & Edward C. Dubois*, for appellants.

*Nicholas Van Slyck*, for appellees.