JOHN SULLIVAN et ux. vs. GEORGE E. WEBSTER et als.

Pub. Laws R. I. cap. 349, of March 28, 1883, "Seekonk River Bridge Act," authorized the construction of a bridge "over the river" "in such place and manner" as the commissioners should determine, "according to plans and specifications by them approved."

The commissioners built the bridge in continuation of the line of Warren Avenue, a highway, and built it, in order to cross over another highway and some railroad tracks near the water, at a considerable elevation above the level of the shore. This construction required a heavy abutment which crossed Warren Avenue and cut off such part of the Avenue as lay between the abutment and the water.

*Held*, that the abutment was lawfully located and built, that it was not a public nuisance, and that the commissioners were not liable to an action on the case brought by a neighboring landowner whose direct access to Warren Avenue had been cut off by the abutment.

PLAINTIFFS' petition for a new trial.

This action was trespass on the case. At the trial before a jury at the April Term A. D. 1887, of this court, the following facts appeared :

That the defendants were appointed and commissioned under Pub. Laws R. I. cap. 349, of March 28, 1883, known as the "Seekonk River Bridge Act."

That under said act they made a plan and built the existing bridge. In doing so they located an abutment across Warren Avenue, which is a public highway in East Providence. The abutment permanently stopped public travel at its location.

That the line of the bridge is a continuation of the line of Warren Avenue.

That to meet the bridge it became necessary to raise the grade of Warren Avenue.

That a bridge might have been built upon the same location on the river as the present bridge, and at the old grade of Warren Avenue, without building a barrier across said Warren Avenue. But the bridge as built by the commissioners is at a higher grade than Warren Avenue, and the bridge abutment prevents travel

along Warren Avenue between the abutment and the river, to the great injury, as is claimed, of the plaintiffs.

That the plaintiffs own an estate on Warren Avenue not far from the bridge abutment, and are cut off from travelling on Warren Avenue as formerly.

That no part of Warren Avenue has been declared useless as a public highway, and no proceedings have been taken by the town council to abandon it, nor by the bridge commissioners, except in locating the bridge and paying all damages to the abutting owners.

Plats and photographs of the premises were produced in illustration.

The presiding justice directed a verdict for the defendants, and the plaintiffs excepted.

*James M. Ripley & Amasa M. Eaton*, for plaintiffs, in support of the exceptions.

Whenever a special or particular damage is sustained by a private individual for a public nuisance, an action for damages is maintainable.   Angell & Durfee on Highways, 3d ed. §§ 285–301 ; 1 Inst. 56*a* ; *Chichester* v. *Lethbridge*, Willes, 71 ; *Iveson* v. *Moore*, Holt Rep. 10, and see comments thereon by the Vice-Chancellor in *Soltau* v. *De Held*, 2 Sim. N. S. 133, 145–148 ; *Mills* v. *Hall & Richards*, 9 Wend. 315 ; *Mayor, &c. of Lyme Regis* v. *Henley*, 1 Bing. N. C. 222 ; *Thayer* v. *Boston*, 19 Pick. 511, 514 ; *Spooner* v. *McConnell*, 1 McLean, 337 ; *Rose* v. *Groves*, 7 Jurist, Part I. 951 ; *Cole* v. *Sprowl*, 35 Me. 161 ; *Reynolds* v. *Clarke*, 1 Pittsburgh Rep. 9 ; *Brown* v. *Watson*, 47 Me. 161 ; *Gerrish* v. *Brown*, 51 Me. 256 ; *Ottawa Gas Light Co.* v. *Thompson*, 39 Ill. 598 ; *Blanc* v. *Klumpke*, 29 Cal. 156, 159 ; *Wesson* v. *Washburn Iron Co.* 13 Allen, 95 ; *Yolo Co.* v. *City of Sacramento*, 36 Cal. 193 ; *Powers* v. *Irish*, 23 Mich. 429 ; *Francis* v. *Schoellkopf*, 53 N. Y. 152, 153.

See, also, to the same effect, the following, in which the obstruction was not in front of the plaintiff's lot : *Wilkes* v. *Hungerford Market Co.* 2 Bing. N. C. 281 ; *Stetson* v. *Faxon*, 19 Pick. 147.

This principle has been adopted in this State in *Hughes* v. *Providence & Worcester R. R. Co.* 2 R. I. 493 ; *Williams* v. *Tripp*, 11 R. I. 447.

"Not only must the authority to municipal corporations, or other delegated legislative agents, to take private property, be expressly conferred, and the use for which it is taken specified, but *the power*, with all constitutional and statutory limitations and directions for its exercise, *must be strictly pursued.*" 2 Dillon on Municip. Corp. § 469; Cooley Constit. Limit. *528, *541; Angell & Durfee on Highways, 3d ed. §§ 220, 103; *Vanwickle* v. *C. & A. R. &. T. Co.* 14 N. J. Law, 162; *City of Cincinnati* v. *Coombs*, 16 Ohio, 181, 188; *Matter of Exchange Alley*, 4 La. An. 4; *Dyckman* v. *Mayor, &c., of New York*, 5 N. Y. 434, 439; *Adams* v. *Saratoga & Washington R. R. Co.* 10 N. Y. 328; *Nichols* v. *Bridgeport*, 23. Conn. 189, 208; *State* v. *Jersey City*, 25 N. J. Law, 309; *Kyle* v. *Malin*, 8 Ind. 34, 37; *Judson* v. *City of Bridgeport*, 25 Conn. 426; *Harbeck* v. *City of Toledo*, 11 Ohio St. 219, 222, and cases cited; *The People* v. *Brighton*, 20 Mich. 57; *Specht* v. *City of Detroit*, 20 Mich. 168, 172; *Trumpler* v. *Bemerley*, 39 Cal. 490; *Leslie* v. *City of St. Louis*, 47 Mo. 475, 477; *Anderson* v. *City of St. Louis*, 47 Mo. 479.

"Where public officers overstep the bounds of their authority, and the courts are appealed to as matter of strict right, the actions of these agents are vigilantly watched, and their infringement of private rights unhesitatingly repressed." Sedgwick Statut. & Constit. Law, 329.

For an obstruction built under a claim of legal authority, a party injured may have his action for damages, although he is not entitled to compensation as for a taking of his property. Angell & Durfee on Highways, 3d ed. § 103, note; *Protzman* v. *Indianapolis & Cincinnati R. R. Co.* 9 Ind. 467; *Evansville & Crawfordsville R. R. Co.* v. *Dick*, 9 Ind. 433, 435; *Street Railway* v. *Cumminsville*, 14 Ohio St. 523, 546; *Lackland* v. *North Missouri R. R. Co.* 31 Mo. 180.

The abutter may recover for consequential damages, though none of his land is taken. *Tinsman* v. *Belvidere Delaware R. R. Co.* 26 N. J. Law, 148, 160.

Doubtful grants are to be construed most favorably towards those who seek to defend their property from invasion. Redfield on Railways, § 64.

*Nicholas Van Slyck, Stephen A. Cooke, Jun. & Cyrus M. Van Slyck, contra.*

*December* 9, 1887. DURFEE, C. J. The question is whether the Seekonk River Bridge Commissioners, in building the bridge over the river, exceeded their authority by extending it beyond the eastern bank to Warren Avenue, and there establishing the eastern abutment. We think not. The act, Pub. Laws R. I. cap. 349, §§ 3, 4, of March 28, 1883, provides that, in a certain event which occurred, the bridge should be built "over the river," on or near the site of the old bridge, "in such place and manner" as the commissioners should determine, "according to plans and specifications by them approved." The power is very broadly given. The location of the bridge and manner of constructing it are both left wholly to the commissioners. The plaintiff contends that the authority given is to build "over the river," but not beyond it; that the commissioners might have built over without building beyond it if they had built at grade with the river banks; and that they therefore exceeded their authority when they built beyond it. We think such a construction is too narrow. The bridge was in fact reared high above the river, and we do not see how there can be any question but that the commissioners, under their power to build it in "such manner as they might determine," were authorized to build it in that manner. The bridge so built required strong and massive abutments correspondingly high ; and such abutments would, as a matter of reasonable if not absolute necessity, be erected out of the river on the solid ground. The commissioners were authorized by the fifth section of the act to "take and appropriate, if necessary for the purposes of the bridge, the private property of any person or of any municipal or other corporation," and, by a later act, to "purchase any real estate" required. It may be said that it does not follow that they were authorized to carry the bridge to Warren Avenue and plant the abutment there, since they might have established it immediately on the river bank. Doubtless their power should be construed as limited by the purposes for which it was conferred, and an extension of the bridge beyond the river bank without reason, or for reasons having no proper relation to the bridge as such, would be unauthorized. But such does not appear to have been the case here. On the contrary it appears, from an inspection of the photograph and plat, that the bridge

was extended at the height at which it is built for the accommo-
dation of a street and of divers railway tracks beneath it.   If the
abutment had been erected directly on the bank, it would have
been necessary to connect the bridge with the highway beyond
by a long slope or incline for the safe and easy transit of the pub-
lic travel.   This would have blocked the street below, and would
have either displaced the railway tracks or have left them to be
crossed at grade at the foot of the slope, greatly to the peril and
inconvenience of travel.   Manifestly, therefore, the extension of
the bridge was designed and executed in subservience to the pur-
pose for which the bridge was built, namely, to furnish a safe and
convenient highway across the river.   The bridge accomplishes
its purpose the better for being thus extended.   Our conclusion
is that the abutment is lawfully erected in Warren Avenue, and
consequently was not a public nuisance.   This being so, the plain-
tiffs' action cannot be maintained.[1]                *New trial denied.*

---

[1] See *Gerhard* v. *Bridge Commissioners,* 15 R. I. 334.