Cole, Ch. J.
1. administramentf coifáterai attack of. The appellant’s counsel make, in this court, substantially the following points: — First: It appears from the evidence that there is sufficient in the hands of the administrator, not properly ac conn^e¿ forj pay 0ff all the indebtedness of the estate. This point is grounded upon the testimony of the administrator that he paid two debts secured by mortgage on certain real estate, which was sold under order of the probate court, “ upon the oral advice of the judge.” It is claimed now, that the amounts thus paid could only be legally paid “ with the approbation of the court,” and it not appearing they were so paid, the amounts should be treated as still in the hands of the administrator. It is a sufficient answer to this point, to say that the record shows a settlement by the administrator with the county court in which these amounts were allowed him as properly paid, and that settlement cannot be thus collaterally assailed ; and especially without any pleading assailing it on that or any other ground. As two or three other points are made, upon the theory that the evidence shows assets still in the administrator’s hands, we remark here, that in our judgment the evidence shows the assets fully administered and only thirty-three per cent paid on the unsecured claims.
Second: It is urged that plaintiff’s judgment was not recovered on á debt of Stevenson’s, nor against his administrator,' but against Henderson personally. This is a *367 mistake of fact, or a too strict construction of the record of the case in which the judgment was recovered.
2. — flung of judgment. Third: Another point made is, that the claim or judgment was never filed with the claims against the estate. This might be an objection if the defendant Isabella was being sued as administratrix, or the proceeding was an ordinary one for the establishing or enforcement of the claim; but it cannot avail a fraudulent vendee in this kind of proceeding.
8. — rights of creditor. Fourth: It is further urged that since the administrator knew of these fraudulent conveyances, and that debts remained unpaid, it was his duty to have the conveyances set aside and the property subjected to the payment of the debts. If this be conceded, it would not defeat the plaintiff’s right to maintain this action. He is entitled to. this remedy, even though he has another against the administrator for neglect of duty, or for the debt itself.
i. —parties, Fifth: A further claim is made that the heirs at law of William Stevenson, deceased, are not made parties, and hence no judgment could properly be rendered in the case. They aré neither necessary nor proper parties. The conveyance by their ancestor, although made to defraud his creditors, concludes them, and effectually cuts off all their interest in the property.
s statute oe ttonsmii fraud °onus: pleading, Sixth: It is further claimed that more than five years elapsed after the fraudulent conveyance, and after *be judgment was recovered, before this action was brought, and since there is no proof that plaintiff did not have notice of the fraud at time’it was perpetrated, the cause of action is barred, under Revision, section 2740, subdivision 3, and section 2741. The claim is not barred. The defense of the statute of limitations is an afiirmative one, and the party pleading it must show the facts constituting a bar by it. To do that, it was necessary to. show that plaintiff had *368 knowledge of the fraud more than five years before action was brought, even if the case would then have been within the statute. Baldwin v. Tuttle, 23 Iowa, 66. The fact that the plaintiff in his petition negatived his knowledge of the fraud, since it was unnecessary to do so in order to protect his petition from attack by demurrer, does not change the burden of proof as to the fact of knowledge. The statute' would not begin to run until the discovery of the fraud, and, in the absence of any averment as to when it was discovered, a demurrer would not lie.
8. administration’o^gro'0’ trict com-ts. Seventh: Finally, it is claimed that the district court has no jurisdiction of this case, since the probate court is given jurisdiction over it by the statute. We hold, in accord with all the authorities, that the statute does not defeat or oust the general equity jurisdiction of the district court. The plaintiff has folly maintained his case by the testimony, and the judgment of the district court is
Affirmed.