Robinson v. Allen.

expiration of the thirty days, and that before issuing execution defendant demanded a town order, which plaintiff refused to deliver. The cause was referred to T. C. McKean, who reported the facts and legal conclusions.

This report was affirmed by the district court and the plaintiff's bill was dismissed. Plaintiff appeals.

*Sheean & McCarn* for the appellant.

*Milton Rumly* for the appellee.

---

ROBINSON *et al.* v. ALLEN.

**Statute of limitations: WAIVER OF AS A DEFENSE.** The statute of limitations is not available unless pleaded as a defense in the answer, or taken advantage of by demurrer.

*Appeal from Linn District Court.*

FRIDAY, JUNE 20.

ACTION in equity to recover the title and possession of the south-west quarter of north-west quarter of section 33, township 84, range 8, in Linn county. The defendant answered denying plaintiff's claim, and claiming title in himself, and that he is rightfully in possession.

The cause was referred to J. B. Young, referee, for trial. The referee, amongst other things, found and reported, in substance, the following facts:

That Wilson Robinson in his life-time owned the premises in dispute, and that, without having sold the same, he died on the 7th day of September, 1868, having devised said land to his widow and executrix, L. A. Robinson, in trust for his two sons, the other plaintiffs. That on the 8th of November, 1860, the land was sold for taxes to one N. M. Day, whose widow and executrix afterward assigned the certificate of purchase to one E. C. Byam.

That on the 2d day of December, 1863, the treasurer executed a deed to Byam, which shows on its face a number of tracts of land, purporting to have been sold in bulk for a gross sum.

That January 12, 1864, Byam conveyed to Thomas Corbett and E. Latham; and that, on the 21st of January, 1865, Corbett and Latham conveyed said land to the defendant Allen.

No complaint is made of the finding of facts of the referee. The report of the referee was confirmed, and judgment was rendered for plaintiffs. Defendant appeals.

*I. M. Preston & Son* for the appellant.

*Thompson & Davis* for the appellees.

DAY, J. — The deed of the treasurer to E. C. Byam was executed December 2, 1863, and recorded January 11, 1864.

The petition in this case was filed on the 27th day of October, 1869, more than five years after the recording of the treasurer's deed.

This deed, under which the defendant claims, is in the form which has frequently been held by this court to be insufficient to pass any title to the purchaser; and its invalidity is tacitly admitted by appellant.

He relies solely for a reversal of this case upon the fact that the action of plaintiff is barred by section 790 of the Revision, under the construction adopted in *Thomas* v. *Stickle*, 32 Iowa, 71.

At common law a statute of limitations must be pleaded. *Stult* v. *Murphy*, Morris, 321.

Section 2961 of the Revision provides that " where a pleading shows affirmatively, that its cause of claim is barred by the statute of limitations, it may be assailed by demurrer." But unless the statute is insisted upon, either by demurrer or in the answer, it is regarded as waived. This is the positive provision of the statute.

Section 2876 of the Revision prescribes the causes of demurrer, and, as one of them, refers to section 2961, above quoted.

Section 2878 is as follows: " When any of the matters enumerated in section 2876 do not appear on the face of the petition the objection may be taken by an answer. If no such objection is taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection that the petition does not state facts sufficient to constitute a cause of action, or states a fact which avoids the cause of action."

That this exception does not include the objection that the claim is barred by the statute is apparent from an examination of section 2876, in which, in addition to the causes contained in the exception, section 2961 is specifically referred to, and recognized as a distinct ground of demurrer.

In this case the answer merely denies the plaintiff's claim, and avers that the title and right of possession are in defend-

ant.   The defendant does not insist upon the statute of limitations, and must be regarded as having waived it.   See, also, sections 2942 and 2944 of the Revision.

It follows that the judgment of the court below must be

Affirmed.