LOUISA E. BORGHART v. CITY OF CEDAR RAPIDS, Appellant.

**Vacation of public ground:** DAMAGE TO ABUTTING OWNER. A city has power to vacate public grounds, and where all property owners are affected alike by its exercise, though in different degrees, there is no remedy; but where an abutting owner sustains an injury peculiar to his property by the vacation of public ground used as an ingress and egress thereto he is entitled to damages.

Limitation of actions: PLEADING. Limitation is an affirmative defense and must be pleaded by allegation of facts constituting the same, otherwise it is waived.

*Appeal from Linn District Court.—* HON. WM. G. THOMPSON, Judge.

WEDNESDAY, JANUARY 11, 1905.

MAY, FERO & GAINOR's Addition to Cedar Rapids was platted in 1856. The plaintiff became owner of lot 3 in block 9 in 1896. As appears from the annexed plat, this lot, with others, abutted on ground designated "Public Square" which furnished the only access to it. In 1902 the defendant city conveyed to that part of the square bounded by block 9 and First street and Fourteenth avenue to the John Huss Methodist Episcopal Chapel, and the latter erected a parsonage thereon, so as to completely obstruct all access by way of the square to said lot. It was stipulated that the depreciation in the value of the lot resulting therefrom was $125, but contended on the part of the defendant that the law does not authorize recovery for any injury occasioned by the vacation of a street or public ground. The court directed a verdict for plaintiff, and from judgment thereon the defendant appeals.— *Affirmed.*

*John N. Hughes,* for appellant.

*Powell, Harmon & Powell,* for appellee.

LADD, J.— The validity of the proceedings which resulted in the vacation of that portion of the public square affording access to the plaintiff's lot and its conveyance by the

1. VACATION OF PUBLIC GROUNDS: damage to abutting owner.

city to the John Huss Methodist Episcopal Chapel is not questioned by either party. That this square was intended to be used in part, at least, as a street approach is manifest from the fact that some of the lots were platted facing it, and with no other means of access. This is conceded, impliedly, at least, by appellant, for the cause is submitted on the theory that damages for the vacation of a street or public ground used as such may not be recovered from the city. The power to vacate is expressly conferred by statute, and, when all property owners are affected alike, though in different degrees, by its exercise, there is no ground upon which to base a remedy. But here the injury complained of is peculiar to plaintiff's property, and not such as is shared by the public generally. In so far as the street or public ground was necessary to the free and convenient way for travel to and from the lot, her right to its use for that purpose was appurtenant to her premises, and essential to their enjoyment. The abutter has a right, in common with the community, to use the street from end to end for the purpose of passage; but, in addition to this common right, he has an individual property right, appendant to his premises in that part of the street which is necessary to free and convenient egress and ingress to his property. That this latter right is private and personal and unshared by the community, and cannot be taken away without answering in damages, is held by substantially all the authorities. *O'Brien v. Central I. & S. Co.,* 158 Ind. 218 (63 N. E. Rep. 302; 57 L. R. A. 508; 92 Am. St. Rep. 305); *Anderson v. Turbeville,* 6 Cold. 150; *Selden v. City of Jacksonville,* 28 Fla. 558 (10 South. Rep. 457; 14 L. R. A. 370; 29 Am. St. Rep. 278);

*Moose v. Carson,* 104 N. C. 431 (10 S. E. Rep. 689; 7 L.
R. A. 548; 17 Am. St. Rep. 681); *Town of Rensselaer v.
Leopold,* 106 Ind. 29 (5 N. E. Rep. 761); *Bradbury v.
Walton,* 94 Ky. 167 (21 S. W. Rep. 869); *Heinrich v. City
of St. Louis,* 125 Mo. 424 (28 S. W. Rep. 626; 46 Am. St.
Rep. 490); Elliott on Roads & Streets, section 877.

The question considered in *Long v. Wilson,* 119 Iowa,
267, was whether an adjudication against a municipality
that certain ground was not a part of the street was *res ju-
dicata* as to a landowner ingress and egress to whose property
would be cut off, and it was declared that he had a right to
and interest in the street distinct and different from that
of the general public. In the course of the opinion the court
said:

It is important to the individual owner of abutting
property that he shall be able to get to and from his resi-
dence or business, and that the public shall have the means
of getting there for social and business purposes. In such
a case access to thoroughfares connecting his property with
other parts of the town or city has a value peculiar to him
apart from that shared in by citizens generally, and his
right to the street as a means of enjoying the free and con-
venient use of his property has a value quite as certainly as
the property itself. If this special right is value — and it
is of value if it increases the worth of his abutting prem-
ises — then it is property, regardless of the extent of such
value. Surely, no argument is required to demonstrate that
the deprivation of the use of property is to that extent the
destruction of its value.

As such destruction is presumed to have been for the
public good, the public must make just compensation for the
property to the extent taken. As the authority of the city
to vacate is conceded, it is manifest that the remedy by
*certiorari* was not available to plaintiff, and that her only
recourse was an action for damages. The decisions upon
which appellant relies were reviewed in the last-cited case,
and shown not to be inconsistent with the conclusion an-
nounced.

II.   Appellant insists that inasmuch as the claim is for unliquidated damages, and was not filed with the clerk of defendant city within 30 days after the conveyance of the square, the cause of action is barred by the

**2. Limitation of actions: pleading.** statute of limitations.   See *Kenyon v. City of Cedar Rapids*, 124 Iowa, 195.   This defense is an affirmative one, and, to be available, the facts constituting it must be pleaded.   *Harlin v. Stevenson*, 30 Iowa, 371; *Tredway v. McDonald*, 51 Iowa, 663.   By omitting to do so, the defense is deemed to have been waived.   *Robinson v. Allen*, 37 Iowa, 27; *Brush v. Peterson*, 54 Iowa, 243; *Welch v. McGrath*, 59 Iowa, 519.   See *Reed v. City of Muscatine*, 104 Iowa, 183.   One of the grounds of the motion to direct verdict was the bar of the statute, and appellant argues that, as a motion is enumerated as a pleading in section 3557 of the Code, the bar of the statute of limitations was raised by the pleadings.   That section has reference to written motions filed in making up the issues in the case.   The bar of the statute must be made an issue, and it seems hardly necessary to say that a motion to direct a verdict is necessarily based on the issues as previously joined and the evidence adduced bearing thereon.   By failing to make the statute of limitations an issue in the case, that defense was waived.—*Affirmed.*