R. E. WITHAM, Appellant, v. UNION COUNTY, Appellee.

**EMINENT DOMAIN:** Jurisdiction—Insufficient Showing of Estoppel.
1  Record reviewed, in eminent domain proceedings, and held insufficient to show that the county, through its board of supervisors, was estopped to assert that it had jurisdiction over an objector.

**EMINENT DOMAIN:** Compensation—Timely Claim. A landowner who,
2  in eminent domain proceeding for a public road, is entitled to a specified time after notice in which to file his claim for damages, and who appears in said proceeding in response to a *fatally defective* notice, is entitled to said specified time *after he so appears,* in which to file his claim for damages.

Headnote 1:  21 C. J. p. 1231.  Headnote 2:  20 C. J. p. 871.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

OCTOBER 26, 1926.

The plaintiff seeks in this action to have his damages assessed by reason of the relocation of a highway across his farm. The suit is predicated upon the theory that the board of supervisors acted wholly without jurisdiction in the establishment of such highway across his farm, and he asks a judgment against Union County for the amount of damages sustained by him. At the close of his evidence, the trial court directed a verdict for the defendant, and plaintiff appeals.—*Affirmed.*

*Higbee & McEniry,* for appellant.

*D. W. Harper* and *L. J. Camp,* for appellee.

EVANS, J.—The case was before us on a former appeal. 198 Iowa 359. The facts in the case are set out in the former opinion in considerable detail. We shall avoid herein, as far as practicable, the repetition of such details. It appears that proceedings for the relocation of the highway were commenced before the board of supervisors of Union County in December, 1920. Prior to March 16, 1921, the commission had reported favorably, and appraisers had been appointed and award recommended. On March 16, 1921, a purported notice was served upon the plaintiff herein, which fixed April 1st as the date of appearance before the board of supervisors for the purpose of making objections. Under the statute, the plaintiff was required to file his claim, if any, for damages resulting from such relocation of the highway. On March 28th, the plaintiff filed before the board of supervisors purported objections to such relocation. The objections so filed were, in substance, that the relocation was unnecessary and uneconomical, and that it would result in great inconvenience to him and great damage, and that the board had no jurisdiction over plaintiff. He also urged that his damages would be greater than the amount recommended by the appraisers, to wit, $850. In no other sense did his objections include any claim for damages. On April 6th following, he filed an amendment to his objections, which emphasized and elaborated his former objections, but did not include any other claim for damages than that already indicated. On such date, the board of supervisors appears to have been in session. In effect, it overruled his objections, and allowed him the amount of damages recommended by the appraisers. On April 19th, the plaintiff appealed from such order by the board of supervisors, and such appeal came before the district court on September 8, 1921, at which time it was dismissed by order of the court. No appeal was taken from such order of dismissal. On November 14th following, the plaintiff presented to the board of supervisors his present claim for $8,000 of damages. Such claim is the basis of the present suit. In his petition herein, the plaintiff pleads lack of jurisdiction in the board of supervisors, because of the insufficiency of the notice served on him on March 16th. Answering such petition, the defendant pleaded that, regardless of the

sufficiency of the notice, the plaintiff voluntarily appeared before the board of supervisors on March 28th, and presented his objections then and there. The plaintiff demurred to this answer, which demurrer was sustained in the district court. From that order the defendant appealed to this court. This was the former appeal to which we have already adverted. We held that the answer presented a good defense, and reversed the order of the district court accordingly. On that appeal, we assumed the insufficiency of the notice served on March 16th, but had no occasion to pass thereon.

The case being remanded to the district court, the plaintiff filed a reply, wherein he pleaded an estoppel against the defendant. The facts pleaded as an estoppel were that the defendant had procured the dismissal, in the district court, of the plaintiff's appeal from the order of the board of supervisors on the ground that the board of supervisors had no jurisdiction, and that, therefore, the district court had no jurisdiction. The only question before us on this appeal which was not adjudicated in the former appeal is whether the plaintiff's plea of estoppel is supported by the record.

1. EMINENT DO-MAIN: jurisdiction: insufficient showing of estoppel.

Inasmuch as such plea of estoppel is predicated wholly upon the record of plaintiff's appeal from the order of the board of supervisors to the district court, we have to revert to the record in that proceeding in order to ascertain what, if any, virtue the plea of estoppel has. The plaintiff's abstract here sets forth the record of the proceedings in the district court which resulted in the dismissal of plaintiff's appeal from the order of the board of supervisors. This record consists in the main of a colloquy between court and counsel, covering fifteen printed pages of appellant's abstract. From this record it appears that the plaintiff himself on his own appeal took the position before the court that the order of the board of supervisors appealed from by plaintiff was wholly without jurisdiction, and that, therefore, the district court was without jurisdiction, and that there was nothing before the court to try. Plaintiff sought a ruling to that effect by the district court. The defendant thereupon moved to dismiss the appeal, predicating the motion upon the plaintiff's own attitude. It did not predicate its motion upon a lack of jurisdiction in the board of supervisors. The principal ground

of the motion, and the one that was sustained by the court, was that the plaintiff had never filed or presented any claim for damages before the board of supervisors. In ruling on the motion, the court said:

"No claim for damages is made, more than in a general and incidental way, that he would be damaged. So now the court holds, on that ground alone, what is known in common parlance the statute of limitations had run against him."

We have to say, therefore, that plaintiff's plea of estoppel is not supported by the record. We held on the former appeal that the plaintiff's appearance before the board of supervisors on March 28th cured the question of jurisdiction. We may, therefore, ignore the notice of March 16th. If, within ten days from March 28th, when jurisdiction was acquired, the plaintiff had filed his claim for damages, he would have been entitled to a consideration thereof by the board of supervisors. If thereafter the board had denied such claim, the plaintiff could have prosecuted an appeal from such refusal, and would thereby have had abundant remedy for his alleged injury. The board of supervisors allowed the amount of damages recommended by the board of appraisers; but it never had a timely opportunity, within the terms of the statute, to pass upon the larger claim which the plaintiff has since made. So far as plaintiff's objections to the feasibility of the proposal or as to its economy or as to its inconvenience are concerned, he had a right to be heard before the board, but he had no right of appeal from its decision. Under the statute, he was given ten days within which to present a claim for damages. Failing to do so, he was deemed to waive it.

2. EMINENT DO-
MAIN: compen-
sation: timely
claim.

Inasmuch, therefore, as we find that the plea of estoppel is not supported by the record, our holding on the former appeal as to the sufficiency of the defense becomes quite conclusive upon the present appeal.

The judgment below is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.