E. S. FURGASON, Appellee, v. WOODBURY COUNTY, Appellant.

No. 40905.

June 20, 1931.

Griffin, Griffin & Griffin, and Prichard & Prichard, for appellee.

A. R. Strong, for appellant.

GRIMM, J.—The following plat shows the location of the various tracts, highways, rivers, channels, etc., involved in this litigation:

The plaintiff for several years prior to 1928 was the owner of a tract of land lying immediately east of the town of Oto in Woodbury County. The property was divided into four separate lots by what is known as the ditch or present channel of Little Sioux River, marked "E W" on the plat, running north and south, and by the old channel of the Little Sioux River, which passes in a southeasterly direction through the whole tract, entering at approximately the northwest corner at point "C" and passing out near the southeast corner at the

point marked "Channel Blocked By Highway Grade" on the road marked "A B". On the west side of the Little Sioux Ditch and north of the river channel is Lot 19. West of the ditch and south of the river channel is Lot 14. East of the ditch and north of the river channel is Lot 20, and east of the ditch and south of the river channel is Lot 16. Lots 16 and 20 are in the southwest quarter of the southeast quarter of Section 6, Township 86, Range 43. Lots 14 and 19 are in the southeast quarter of the southwest quarter of Section 6, Township 86, Range 43, in which said 40 acre tract is also located the eastern portion of the town of Oto. The plaintiff's buildings are on Lot 14 and between the river channel and the east edge of the town of Oto.

For a number of years, a county road extended from the northeast corner of the town of Oto in a northeasterly direction bounding Lot 19 on the northwest and extending northeasterly through the property north of Lot 20 to a junction with an east and west highway running through the center of Section 6. This road is marked on the plat "C D." The property immediately north of Lot 20 was owned by one Sawin and afterwards transferred to a Mr. Cord.

Some little distance north of the northwest corner of Lot 20 at the point where the said county highway crossed the Little Sioux River Ditch, designated on the plat as "Z", there was a bridge over the ditch.

The plaintiff, in passing from his home to Lot 20, passed in a northeasterly direction from "C" to "Z" over this diagonal highway "C D", over the bridge over the ditch and then turned south along the easterly side of the ditch a distance of about two hundred feet to the north line of Lot 20.

During the year 1928, a new roadway was established running east and west along the south line of Lots 14 and 16 of the plaintiff's property, designated on the plat as "A B", to a north and south highway running north, designated as "G H" on the plat, to a point where the original diagonal road joined the main highway running east and west through the center of said Section 6. The bridge "Z" which previously spanned the ditch on the diagonal highway "C D" was removed and placed over the ditch on the new highway south of plaintiff's property at point marked "W" on the highway "A B".

Lot 20 is bounded on the east by what is known as Miller

Creek, which empties into the Little Sioux River channel near the southwest corner of Lot 20 and which Miller Creek extends from that point eastward and northward, east of Lot 20.

Lot 20 consists of approximately 13 acres. Lot 16 is approximately 7 acres.

After the removal of the bridge "Z" on the diagonal road, the balance of the road from the point where it crossed the ditch to the point where it joined the main highway running east and west through the center of Section 6 was plowed up and has been farmed by Cord, the owner of the property on either side of this old highway and lying north of Lot 20.

This road improvement was made in the summer of 1928 as a part of a general project of Woodbury County between Oto and Danbury, north and east thereof. The change was made upon the initiative of the county and not upon or by any petition.

Miller Creek, previously referred to, appears to be, at places, 70 or 80 feet wide at the top of the channel and is deep. It appears from the evidence that Lot 20 has been used as farming land. Lot 16 is more or less lowland, subject to more or less overflow.

The four tracts contain approximately 35 acres of land. The diagonal road "C D" which the trial court found has been abandoned had been in existence for 25 or 30 years. The Little Sioux River Ditch "F E" has been in existence about 13 or 14 years. Prior to the digging of the ditch, Lot 20 could be reached from Lot 19, which latter lot abutted on the diagonal highway "C D". In fact, Lots 19 and 20 were then parts of the same tract of land.

It appears, in making this change of highway, the board of supervisors gave no notice of their intention so to do, nor does it appear that any statutory procedure was attempted. After the change was made, plaintiff filed his claim with the board of supervisors, asking for damages in the sum of $1,500.00 and this claim for damages was based upon three separate items.

*First.* Damages for the land taken by the road "A B" on the southside Lots 14 and 16 for the construction of the new east and west highway "A B."

*Second.* For the loss of access to Lot 20.

*Third.* For damages to Lot 16, due to overflow by reason of the blocking of the old channel of the Little Sioux River east

of the point where the Little Sioux Ditch and the old channel merge. This point of merger is near the corner of Lot 16. The blocking is at a point marked on the plat "Channel Blocked By Highway Grade" and is about midway between "W" and "B" on the plat.

A jury was waived and a trial was had to the court. The court allowed $35.00 for the land taken for use in constructing the new east and west highway "A B" south of Lot 16. The court also allowed $400.00 for loss of access to Lot 20 and denied all damages for overflow. The plaintiff does not appeal. The defendant does not appeal from the award of $35.00 and the only issue before this court arises from the allowance of $400.00 as damage for loss of access to Lot 20.

I. The defendant contends that inasmuch as there was no legal vacation of the old diagonal highway "C D" running northeast of the town of Oto, the plaintiff still has the right to the use of the said old highway. This claim is super-technical and without merit.

It appears without controversy that the bridge over the Little Sioux River ditch and culverts were removed by the county and the road was therefore made impassable. Moreover, the county has done nothing to maintain said diagonal road from the old location of the bridge, northeasterly, in passable condition. It has been used for several years for farming purposes, obviously with the knowledge and consent of the county authorities.

II. It is claimed by the defendant that the plaintiff never owned a private roadway from the diagonal road to Lot 20 and did not have any legal access to Lot 20 and therefore he was not injured by the abandonment of the road and the removal of the bridge.

It appears without conflict that the strip of land marked "X" on the plat extending south from the northeasterly end of the bridge on the diagonal highway and lying immediately east of the Little Sioux River ditch, to the north line of Lot 20, was fenced in by the plaintiff and used by him as a roadway.

Cord, the owner of the land north of Lot 20, testified:

"The only thing that kept my contract with Furgason (Plaintiff) from materializing as to this easement (X) across my land, which he claims, was the fact that we didn't exchange

deeds. I took possession of the land which he was to trade to me, and he took possession of the land upon which he claims the easement (X) and occupied it and used it as a road until they took the bridge out, and after they took the bridge out he couldn't use it."

From the foregoing, it appears without dispute that while the deeds were not actually exchanged, yet the parties had taken possession of the respective lands which were traded and they were being so used at the time the bridge was removed.

It is claimed by the defendant that the contract between the parties in relation to this strip of ground is within the statute of frauds. Section 3 of 11285 (Statute of Frauds) pertains to "Those (contracts) for the creation or transfer of any interest in lands, except leases for a term not exceeding one year."

Section 11286 provides as follows:

"Exception. The provisions of paragraph 3 of the preceding section do not apply where the purchase money, or any portion thereof, has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, has taken and held possession of the premises under and by virtue of the contract, or when there is any other circumstance which, by the law heretofore in force, would have taken the case out of the statute of frauds."

Manifestly, under the law and the undisputed facts in this case, the plaintiff had such an ownership of the strip in question over which he passed from the east end of the bridge over the ditch to the northwest corner of Lot 20 as made him an abutting landowner so far as the diagonal road was concerned.

III. The defendant contends that inasmuch as the board did not serve notice upon the abutting property owners and otherwise in the abandonment of the diagonal road, the board had no jurisdiction to pass upon plaintiff's claim when it rejected it and that the District Court had no jurisdiction on appeal from the action of the board.

The record does not disclose whether the board of supervisors, in vacating the diagonal road, attempted to proceed under Sections 4560 and 4561 and following sections of the Code of 1927 or under Section 4607 and following of the Code.

If under the first sections the board, under the provisions of 4575 of the Code of 1927, might have given notice to the plaintiff that it was about to abandon the diagonal road by removing the bridge over the ditch and permitting Cord to farm that portion of the diagonal road lying northeasterly therefrom, the plaintiff might then have, under the provisions of Section 4580, filed his claim for damages and if the board refused to allow the same or if the plaintiff felt aggrieved by the action of the board, he might, under the provisions of Section 4597, appeal to the District Court. The plaintiff did, in fact, file his claim with the board. The board acted thereon, denying the claim and the plaintiff filed his appeal to the District Court. The board cannot deprive the plaintiff of his rights, if any, by its failure to follow any particular statutory provision in relation to the removal, vacation or abandonment of the road.

Under Section 4560 of the Code of 1927, "the board of supervisors has the general supervision of the roads in the county, with power to establish, vacate, and change them as herein provided, and to see that the laws in relation to them are carried into effect."

Section 4597 of the Code of 1927 provides as follows:

"Appeals from award of damages—notice. Any applicant for damages caused by the establishment or alteration of any road may appeal from the final decision of the board to the district court of the county in which the land lies, notice of which appeal must be served on the county auditor within twenty days after the decision is made. If the road has been established or altered on condition that the petitioners therefor pay the damages, such notice shall be served on the four persons first named in the petition, if there be that many residing in the county, in the manner in which an original notice may be served."

The voluntary appearance of the plaintiff before the board in filing his claim gave the board jurisdiction of the question of damages, which was involved notwithstanding no notices were given him, if any was required.

In Witham v. Union County, 198 Iowa 359, a case somewhat analogous in principle, this court said:

"We hold that Witham, by his appearance before the board, by filing objections to the proceedings and claiming that he would

be damaged by the proposed change of road, gave the board jurisdiction of his person and property. Cases supporting this holding are Ross v. Board of Supervisors, 128 Iowa 427; Chrisman v. Brandes, 137 Iowa 433; Hoyt v. Brown, 153 Iowa 324.''

See also Witham v. Union County, 202 Iowa 557.

See also Schussler v. Hennepin County, 67 Minn. 412, 70 N. W. 6, 39 L. R. A. 75.

This is not a case in which the plaintiff seeks to recover for the torts or unauthorized acts of the county officials. The power to vacate the road was within the general jurisdiction of the supervisors. The only question is upon the damages of the plaintiff, if any, and the amount thereof. Had the board of supervisors strictly followed the statutory provisions by giving the notices required and appointed appraisers, surely it would not be contended that the plaintiff did not have the right to file his claim for damages. It seems only reasonable that the board cannot avoid liability on the part of the county because it did not give the plaintiff notice and follow the details of the statutory provisions. The board did actually abandon the road and render it impassable by removing the bridge and permitting it to be farmed.

This is not a suit against the members of the board of supervisors personally, but a claim against the county by reason of the county's having acquiesced in what the board of supervisors did to the alleged detriment of the plaintiff.

Defendant cites Moffitt v. Brainard, 92 Iowa 122, as authority for the proposition, but the District Court never had jurisdiction for the hearing of this purported appeal for the reason that the giving of the required notice is necessary in order to confer jurisdiction on the board of supervisors to act in the matter.

In the Moffitt case, prior to the abandonment of the road, Moffitt brought a suit in equity to enjoin the vacation of a highway. It appeared that the proper notices had not been given and the court enjoined the authorities from proceeding with the vacation of the road because the necessary notices had not been given to the abutting property owner.

Perhaps the same result would have followed (a point not here decided) had the plaintiff in this case enjoined the officials from vacating the diagonal road in question.

Inasmuch as the officials did actually abandon and vacate the road, the mere fact that the plaintiff might have enjoined them from so doing does not, we think, preclude him from alleging and proving damages as a result of said vacation.

It follows that the District Court had jurisdiction of the claim.

IV. It is contended by the defendant that the plaintiff is not entitled to any damages by reason of having been deprived of access to Lot 20 through the removal of the bridge and the abandonment of the diagonal highway.

As previously stated, Mr. Cord has plowed up that portion of the diagonal road north and east of the old location of the bridge over the ditch and is using the same for farming purposes. Moreover, even if it were possible for the plaintiff to use the diagonal road by going around south of Lot 16 and then north to the extreme northeast part of the old diagonal road and the little strip ("X") leading therefrom to the northwest corner of Lot 20, the testimony shows plaintiff would be compelled to go approximately a mile to get to Lot 20 while the distance from his buildings to the westerly line of Lot 20 is approximately 300 feet and the distance originally travelled by the plaintiff in going from his home to the northwest corner of Lot 20 was approximately five or six hundred feet and the distance from his home around the old way to a point in Lot 20 immediately east of his buildings is only about seven or eight hundred feet. Some of these figures are reached approximately, by scaling the plat in the evidence, which, according to the plat, is drawn to a scale.

The plaintiff's claim is based upon the proposition that by reason of the removal of the bridge and the abandonment of the diagonal road, he has been deprived of reasonable access to Lot 20 and has suffered a personal damage, separate and distinct from any damage to the general public and that by reason thereof he is entitled to recover his actual damages against the county.

Prior to the decision in McCann v. Clarke County, 149 Iowa 13, the plaintiff's right to recover under such facts as appear in this case was at least doubtful, but in the McCann case, some former decisions were overruled. This court in that case said, among other things:

"That the owner of land abutting a country highway may also suffer special damage because of its vacation is too clear

for argument. * * * His right as one of the public is entirely different from his right to the highway as a means of enjoying the free and convenient use of his abutting property. This right is a special one, and, if it is of value to him, it is property which cannot be taken from him without compensation."

In Heery v. Roberts, 186 Iowa 61, this court in reaffirming the McCann case said:

"Under the McCann case, there may be a claim for damages on account of the vacation of a highway, if that highway be adjacent to a tract of land to which the owner has no other convenient means of access; because, in such case, the owner of the land suffers a special damage, separate and distinct from that suffered by the general public."

See also Borghart v. Cedar Rapids, 126 Iowa 313. The plaintiff comes within the rule of these cases. It is contended by the defendant that by reason of the construction of the new east and west roadway south of the plaintiff's property, he has a mode of ingress to Lot 20 through Lot 16, which adjoins this new highway.

Manifestly, it is possible for the plaintiff to construct and maintain such a passageway, but he is confronted with two substantial difficulties. In the first place, there is some evidence to show that by reason of the building the east and west highway south of plaintiff's property and damming the old channel of the Little Sioux River at a point four or five hundred feet east of the southwest corner of Lot 16, said Lot 16 is subjected to more overflow than previously. Moreover, in order to get from Lot 16 to Lot 20, it becomes necessary to bridge the old channel and Miller Creek, which would entail a considerable expense. The record does not show how much this expense would be, but on account of the width of the channel, which must necessarily be bridged, it is manifest the expense would be quite large. All of this expense, if incurred by the plaintiff, was made necessary by the removal of the bridge over the Little Sioux River Ditch and the abandonment of the diagonal road.

The trial court, sitting as a jury, found as a question of fact, that the diagonal road was abandoned and the trial court found that the plaintiff was damaged by reason of the abandon-

ment of the road and the removal of the bridge and fixed the damages of the plaintiff at the sum of $400.00.

We think the trial court was warranted in these findings, and, therefore, the cause must be, and is,—Affirmed.

ALBERT, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.