# IN THE SUPREME COURT OF IOWA

No. 19–0008

Submitted January 20, 2021—Filed April 30, 2021

**IN THE MATTER OF THE ESTATE OF FRANCIS O. GLASER,**
Deceased.

**SHERRI M. KINDSFATHER,**

Appellant,

vs.

**JUDY E. BOWLING,** Fiduciary of the Estate of **FRANCIS O. GLASER,**
and **STATE OF IOWA ex rel. DEPARTMENT OF REVENUE,**

Appellees.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Jackson County, Sean W. McPartland, Judge.

Estate and state agency seek further review of court of appeals decision reversing district court ruling which found that an amended pleading by the estate related back to its original pleading and therefore permitted an additional conveyance to be set aside after the statute of limitations had lapsed. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Appel, J., delivered the opinion of the court, in which all justices joined.

John T. Flynn of Brubaker, Flynn & Darland, P.C., Davenport, for appellant.

David Pillers of Pillers & Richmond, DeWitt, for appellee Judy E. Bowling, fiduciary of the Estate of Francis O. Glaser.

Thomas J. Miller, Attorney General, and Laurie Heron McCown, Assistant Attorney General, Des Moines, for appellee Iowa Department of Revenue.

**APPEL, Justice.**

In this case, we consider the timeliness of an estate's effort to void a predeath transfer of certain farm property by the decedent to a friend through the estate's motion to amend, at the close of evidence, the original motion to set aside property conveyances but which failed to mention the farm property. The district court permitted the late amendment to the pending proceedings to include the farm property and found that the amendment related back to the date of the filing of the estate's original motion. As a result of its ruling that the amendment related back to the date of the filing of the original motion, the district court concluded that the claim was not barred by the applicable statute of limitations. The district court then proceeded to find, by clear and convincing evidence, that all the decedent's conveyances which the estate attacked were made to avoid creditors and ordered that they be set aside.

The transferee appealed. We transferred the case to the court of appeals. The court of appeals held that the district court did not abuse its discretion by allowing the late amendment but concluded that the late amendment did not relate back to the original motion. As a result, the amended claim seeking to set aside the transfer of the farm property was barred by the applicable statute of limitations. With respect to the timely property transfers, the court of appeals upheld the rulings of the district court rejecting the transferee's assertion that the claims of the estate were barred by unclean hands or the homestead exemption. The court of appeals also rejected a challenge to the estate's recovery of the other property on the grounds that the value of the voided conveyances exceeded the amount of outstanding debts of the estate.

We granted further review. We exercise our discretion to review only the question of whether recovery under the late amendment to the estate

relates back to the original filing and therefore survives the statute of limitations and whether the district court order provided the administrator with excessive relief. For the reasons expressed below, we conclude that the district court erred in concluding that the late amendment related back to the date of the original motion. As a result, like the court of appeals, we conclude that the late claim to set aside the farm property is barred by the applicable statute of limitations. On the excessive relief issue, we conclude that the administrator may set aside the remaining transactions only to satisfy the debts owed by the estate to creditors.

## I. Facts and Procedural Background.

**A. Introduction.** The facts surrounding this case have considerable notoriety. On September 9, 2014, the decedent, Francis Glaser, pulled a gun on a meeting of the Jackson County Board of Supervisors as he was protesting tax matters and attempted to shoot local officials. In the resulting struggle, he turned the gun on himself and died of a resulting gunshot.

Glaser had a history of problems with tax authorities. In February 2007, he received a letter from the Iowa Department of Revenue (IDOR) informing him of delinquent income taxes. In May, Glaser received an assessment for back taxes, and in June, the IDOR commenced a collection action. From that point on, the IDOR recorded multiple tax liens which began on January 7, 2008. Ultimately, according to IDOR, Glaser owed over $100,000 in taxes at the time of his death. The evidence at trial suggested that during these times and in subsequent years, Glaser was experiencing financial difficulties.

In 2003, Glaser met Sherry Kindsfather and she and Glaser became close and at times intimate friends. On September 9, 2011, Glaser transferred an undivided one-half interest in a farm to Judy Shreve, the

mother of Kindsfather. About a year later, on September 19, 2012, Shreve transferred the interest in the farm property to Kindsfather.

On November 19, 2012, Glaser transferred what was described in the litigation as Lots 11, 12, and 13 to Kindsfather. The apparent consideration for the transfer of the lots was one dollar each.

**B. District Court Litigation.** Glaser died intestate. The IDOR asked the administrator of the estate to file a motion in district court to set aside what it regarded as fraudulent conveyances from Glaser to Kindsfather.

On June 28, 2016, the administrator filed the motion to set aside certain conveyances in district court. Paragraph 1 of the motion noted "[t]hat on November 19, 2012, [Glaser] executed three (3) quit claim deeds transferring and conveying his interest in certain real property ("Property") to Sherry M. Kindsfather." The quitclaim deeds related to the property were attached as Exhibit A. The quitclaim deeds identified the property as Lots 11, 12, and 13 of the Hillside Acres Addition to the City of Maquoketa.

Other paragraphs of the motion referred to the specific property. Paragraph 9 of the motion, citing *Carson v. Rothfolk*, No. 12–1021, 2013 WL 4009790, *3 (Iowa Ct. App. Aug. 7, 2013), alleged "[t]hat the conveyances of the three (3) properties bear many of the 'badges' of fraud." Paragraph 13 of the motion alleged "[t]hat prior to the 2012 transfer of real property, the [IDOR] had assessed the Decedent for income tax in the amount of $36,608.23" and progressively higher amounts after that date. Paragraph 16 noted that the property identified in Exhibit C as Lot 13 of the Hillside Acres Addition to the City of Maquoketa, "had been transferred between the Dec[e]dent and Kindsfather on previous occasions, presumably to avoid creditors." Paragraph 17 noted that "the multiple transfers occurred in name only" and that "[t]he Decedent retained

possession of the property and reserved the benefit of ownership of the property." For relief, the administrator prayed that the

> Court set aside the conveyances of the Decedent and include the Property transferred by the Decedent within three (3) years of his death in the gross estate for income tax purposes, and for such other and further relief as is just and equitable in the premises.

On April 5, 2018, Kindsfather timely filed a motion in limine. Kindsfather stated that the list of exhibits submitted by the administrator pursuant to a pretrial order indicated that the administrator intended to offer evidence related to a new claim beyond the pleadings. Kindsfather asserted that the addition of a new claim involving a separate real estate transaction from that which was pled after the expiration of the statute of limitations would be improper.

The district court conducted a bench trial on May 15 and 16. During the trial, Kindsfather objected to the admission of exhibits related to the transfer of the farm property on the grounds that the exhibits were beyond the scope of the pleadings and that any claim to the farmland would be barred by the statute of limitations. At the close of evidence, the administrator made an oral motion for leave to amend the original motion to include a claim regarding the farm transfers. The district court allowed the amendment. Because the district court concluded that the farm property amendment related back to the filing of the original motion, the farm property claim was not barred by the applicable five-year statute of limitations. *See* Iowa Code §§ 614.1(4), 684.9(1) (2011).

Based on the evidence at trial, the district court found that all of the conveyances—Lots 11, 12, and 13 as well as the conveyances of the farm property—were designed to defraud creditors and should be set aside.

**C. Court of Appeals Opinion.** The court of appeals affirmed in part, reversed in part, and remanded the case to the district court with instructions. The court of appeals did not disturb the decision of the district court to permit the amendment to the original motion to include the transfer of farmland from Glaser to Shreve and from Shreve to Kindsfather. The court of appeals, however, concluded that the amendment did not relate back to the filing of the administrator's original motion, and as a result, was barred by the applicable five-year statute of limitations. The court of appeals also rejected Kindsfather's argument that the administrator could not recover Lots 11, 12, and 13 because of the clean hands doctrine. The court of appeals further concluded that the homestead exemption did not prevent the court from setting aside the conveyance of Lots 11, 12, and 13 from Glaser to Kindsfather. Finally, the court of appeals rejected Kindsfather's argument that the transactions should only be avoided to the extent necessary to satisfy the liens of the IDOR.

We granted further review. We elect to review only the decision of the court of appeals relating to the question of whether the amendment related back to the original filing of the motion and the extent of the remedies permitted under Iowa Code section 633.368. *See In re N.C.*, 952 N.W.2d 151, 153 (Iowa 2020) ("In exercising our discretion [on further review to review any issue raised on appeal], we can choose which issues to address" (quoting *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255 (Iowa 2012))). On the remaining issues, the decision of the court of appeals is final.

**II. Standard of Review.**

This case involves an interpretation and application of Iowa Rule of Civil Procedure 1.402(5). Our review of interpretation of a rule of civil

procedure is for errors at law. *State v. Kukowski*, 704 N.W.2d 687, 690–91 (Iowa 2005).

### III. Discussion on Relation Back of Amended Motion.

**A. Framework of Relation Back Doctrine.** Iowa Rule of Civil Procedure 1.402(5) addresses the relation back doctrine to amendments of pleadings. The rule provides: "[w]henever the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." *Id.* We have stated that the relation back doctrine is based upon notice. *See Est. of Kuhns v. Marco*, 620 N.W.2d 488, 493–94 (Iowa 2000) (en banc). The fighting issue is whether the transfer of the farmland to Shreve on September 9, 2011, and to Kindsfather on September 12, 2012, arose out of "the conduct, transaction, or occurrence" set forth or attempted to be set forth in the original pleading. Iowa R. Civ. P. 1.402(5). The original pleading in this case is the administrator's original motion to set aside conveyances.

A counterpart in the federal rules is provided by Federal Rule of Civil Procedure 15(c). Decisions under the federal rule may provide us with guidance on the interpretation of the parallel Iowa rule.

**B. Positions of the Parties.** Kindsfather asserts that the oral amendment sought by the administrator on May 16, 2018, did not relate back to the date of the original filing of the administrator's motion on June 28, 2016. Kindsfather argues that the amendment was beyond the scope of the original pleadings and that because the amendment was beyond the scope of the original pleadings, the amendment did not relate back to the filing date of the administrator's original motion. If the oral amendment did not relate back, it would be barred by the five-year statute

of limitations as the transactions in question occurred on September 9, 2011, and September 19, 2012.

The administrator responds that the district court entered findings of fact regarding a series of transactions. According to the administrator, an amendment will relate back for statute of limitations purposes if Kindsfather had sufficient notice of the claims related to the farm transfers. *See Rieff v. Evans*, 630 N.W.2d 278, 288 (Iowa 2001) (en banc). Our cases, notes the administrator, are designed to ensure that pleading rules do not "allow a mistake in a pleading to determine the outcome of a case." *Est. of Kuhns*, 620 N.W.2d at 491.

The administrator relies on *FDIC v. Conner* in support of her position. 20 F.3d 1376 (5th Cir. 1994). In *Conner*, the United States Court of Appeals for the Fifth Circuit permitted an amendment to relate back where the original pleading alleged the defendants wrongfully approved twenty-one loans to specified borrowers. *Id.* at 1386. The proposed amendment added several loans that were not identified in the original complaint. *Id.* at 1385–86. The Fifth Circuit Court of Appeals permitted the amendment, noting that the loans arose out of the same conduct alleged in the original complaint. *Id.* at 1386.

**C. Discussion.** Based on our review of the record, we conclude that the September 2011 and September 2012 conveyances of the farm property were different transactions from the transfer of Lots 11, 12, and 13 in Maquoketa. Here, the original motion was quite specific as to the property involved. Paragraph 1 of the motion specifically identified three quitclaim deeds that were transferred by Glaser on November 19, 2012. No mention of the farm property. Referenced in paragraph 1 and attached as exhibits were the three quitclaim deeds identified in the deeds as Lots 11, 12, and 13 of the Hillside Acres Addition to the City of Maquoketa. No

deeds were attached related to the farm property. Paragraph 9 identified "the conveyances of the three (3) properties bear many of the 'badges' of fraud." No claim is made that the farm property bore "badges of fraud." The prayer for relief sought to include "the Property" in the gross estate of the deceased "within three [] years of his death for income tax purposes." The term "the Property" in the pleading is identified in paragraph 1 of the motion as the three quitclaim deeds of the Maquoketa property. There is no prayer seeking recovery of the farm property. In short, the transfer of the farm property, when compared to the original motion, was a different transaction. *See Willson v. City of Des Moines*, 386 N.W.2d 76, 84 (Iowa 1986) (prohibiting an amendment that significantly expanded the scope of litigation). Unlike *Conner*, the administrator's original motion was very specific; the Maquoketa property did not suggest a larger pattern of twenty or more unlawful acts where the addition of a few more in the relevant time frame came as no surprise to the defendants, did not materially enlarge the issues, and served only to expand damages.

In fact, there is simply nothing at all in the very specific original motion relating to the earlier transfer of farm property from Glaser to Shreve. While it is true that Kindsfather may have had knowledge of some of the facts surrounding the farm transfer, there is nothing in the pleading that would put Kindsfather on notice that the administrator believed she had *a claim* to set aside the farm conveyance. *See Est. of Kuhns*, 620 N.W.2d at 491 (stating that a statute of limitations is designed to ensure notice of "a potential claim"). In fact, the pleading would convey the opposite impression, namely, that the administrator had chosen to seek to set aside the transfer of Lots 11, 12, and 13 of the Hillside Acres Addition to the City of Maquoketa but not the farm transfer about which the administrator had constructive notice by virtue of the fact that the deed

transferring the farm interest was timely recorded. We thus conclude that the farm transfer is not the same transaction as the transfer of the Maquoketa property under Iowa Rule of Civil Procedure 1.402(5). *See FDIC v. Chizner*, 110 F.R.D. 114, 118–19 (E.D.N.Y. 1986) (holding that a separate real estate venture "[was] not the [same] conduct, transaction, or occurrence set forth or attempted to be set for in the original pleading"); *Burtch v. Dent & Co.* (*In re Circle Y of Yoakum*), 354 B.R. 349, 357–58 (Bankr. D. Del. 2006) (rejecting relation back of payments if they are not schematically part of pleaded transaction); *Coan v. O & G Indus., Inc.* (*In re Austin Driveway Servs., Inc.*), 179 B.R. 390, 397 (Bankr. D. Conn. 1995) ("Similar conduct with respect to a separate transaction [does not relate back]." (quoting *Metzeler v. Bouchard Transp. Co.*, (*In re Metzeler*), 66 B.R. 977, 983, 984 (Bankr. S.D.N.Y. 1986))).

In closing, it is important to observe what this case is not. This is not a case of a mistake in the original pleading where a party has been misnamed or left out or where property has been misdescribed. This is not a case of a previously unpled theory arising out of the same facts alleged in the original pleadings. Instead, we have a proposed amendment attacking the transfer of a property that is nowhere mentioned in the original pleading. Although there may be similarities in the claims or even an overlap of evidence, the transaction involving the farm property in September 2011 arose from different "conduct, transaction, or occurrence" than the transfers that occurred a year later with respect to the real property in Maquoketa. As a result, under Iowa Rule of Civil Procedure 1.402(5), the proposed amendment does not relate back to the filing of the administrator's original motion.

If the May 2018 amendment does not relate back to the filing of the administrator's original complaint, the claim is barred by the applicable

statute of limitations. *See* Iowa Code §§ 614.1(4), 684.9(1); *Grant v. Cedar Falls Oil Co.*, 480 N.W.2d 863, 865–66 (Iowa 1992). As a result, the district court should have dismissed the amendment as barred by the applicable statute of limitations.

**IV. Analysis of Issue of Excessive Relief.**

**A. Relevant Statutes.** Iowa Code section 684.7 establishes a pathway for a creditor to bring an action to set aside a fraudulent conveyance of a decedent. Specifically, the statute permits a creditor to bring an action to obtain "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Iowa Code § 684.7(1)(*a*).

The administrator of the estate is authorized to bring an action under Iowa Code section 633.368. The statute provides:

> The property liable for the payments of debts and charges against a decedent's estate shall include all property transferred by the decedent with intent to defraud the decedent's creditors or any of them, or transferred by any other means which is in law void or voidable as against the creditors or any of them; and the right to recover such property, so far as necessary for the payment of the debts and charges against the estate of the decedent, shall be exclusively in the personal representative, who shall take such steps as may be necessary to recover the same. Such property shall constitute general assets for the payment of all creditors.

*Id.*

The caselaw under Iowa Code section 633.368 is sparse. Iowa law, however, has long held that a transfer fraudulent as to creditors is nevertheless binding as to the heirs of the decedent. *Harlin v. Stevenson*, 30 Iowa 371, 375 (1870); *Cooley v. Brown*, 30 Iowa 470, 472–73 (1870); *see also Am. Sur. Co. of N.Y. v. Edwards & Bradford Lumber Co.*, 57 F. Supp. 18, 27–28 (N.D. Iowa 1944).

The district court held that the properties subject to the litigation "shall be sold on execution to satisfy all accepted claims against the Estate

and, if not redeemed, shall be conveyed to the purchaser by the sheriff free of the claims of all claimants."

**B. Positions of the Parties.** Kindsfather maintains that the trial court erred by voiding the transfers in their entirety. Kindsfather contends the applicable statute is Iowa Code section 684.7(1)(*a*), which limits recovery to the extent necessary to satisfy creditor claims.

The administrator responds that Iowa Code section 633.368 is the applicable statute and that it permits the administrator to obtain broader relief than a creditor could obtain in an action under Iowa Code section 684.7(1)(*a*). According to the administrator, her duty is to protect creditors and heirs of the estate. In any event, the administrator notes that Iowa Code section 684.7 specifically authorizes "any . . . relief the circumstances may require." Iowa Code § 684.7(*c*)(3). Further, the administrator notes that Glaser and Kindsfather worked together to steal substantial sums of money from creditors.

**C. Discussion.** We agree with the administrator that the applicable code provision is Iowa Code section 633.368, but we disagree with the administrator's interpretation of this section. "To ascertain the meaning of the statutory language, we consider the context of the provision." *State v. Pickett*, 671 N.W.2d 866, 870 (Iowa 2003) (quoting *Griffin Pipe Prods. Co. v. Guarino*, 663 N.W.2d 862, 865 (Iowa 2003)). Here, the statute begins by stating that "property liable for the payments of debts and charges against a decedent's estate . . . include[s] all property transferred by the decedent with intent to defraud." Iowa Code § 633.368. Although in isolation the term "all property" is expansive, in context, the property is to be used "so far as necessary for the payment of the debts and charges against the estate of the decedent." *Id.* Finally, the statute provides that such property shall "constitute general assets for the payment of all creditors."

*Id.* These statutory passages suggest the administrator's power to reclaim property transferred by the decedent is a limited one with a specific purpose: the satisfaction of debts and charges. Although the administrator suggests that her job is to protect the interest of heirs, nothing in the statute vests the administrator with the power to recover property transferred by the decedent for the benefit of heirs. Given the unequivocal language of the statute emphasizing payment of debts and charges, we decline to extend its meaning under the pretext of construction. *See State v. Romer*, 832 N.W.2d 169, 176 (Iowa 2013).

The district court order stated that the property "shall be sold on execution to satisfy all accepted claims against the Estate." But the district court order did not address the question of disposition of the balance, if any, that might remain after the sale of the properties or whether the sale of all properties was required to satisfy outstanding debts and charges. The parties seem to agree that the district court order permits the administrator to sell all the properties, satisfy the outstanding debts and charges, and retain the proceeds for the benefit of the estate.[1]

The court of appeals concluded that the administrator was entitled to set aside all the fraudulent transactions untethered by the amount of debts and charges against the estate. We do not agree. We think it clear that Iowa Code section 633.368 is limited to setting aside the conveyances

---

[1]The district court stated the sale of property was "to satisfy all accepted claims" of the estate. The parties read the district court ruling as authorizing the sale of all real property even if the proceeds exceeded the debts and charges against the estate. The district court order stated that the State had a tax claim against the estate totaling $114,237.48 in favor of the State and a claim of $5,593.84 by Kindsfather for Glaser's funeral expenses and for other services. The record shows that the assessed value of one of the lots in Maquoketa was $183,100. This single lot was by itself in excess of the claims described in the district court order. The court of appeals addressed the issue presented by the parties on the merits, holding that the administrator had the power to set aside all property conveyed untethered by the claims and charges in the estate. We conclude that the court of appeals erred for the reasons stated in this opinion.

to the extent necessary to satisfy only the debts and charges against the estate.

By holding that Iowa Code section 633.368 entitled the administrator to greater relief than the statute provides, the court of appeals erred. We therefore reverse the court of appeals on that point. On remand, the district court should fashion its remedy consistent with our interpretation of the statute. The remedies provided in Iowa Code section 633.368 may be used only to satisfy the debts and charges of the estate.

**V. Conclusion.**

For the above reasons, we reverse the ruling of the district court and remand the case to the district court with instruction to dismiss the administrator's claim with respect to the farm property as untimely. The district court's implementation of remedies sought by the administrator shall be consistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**