HENRY WORMLEY *et al.* v. THE BOARD OF SUPERVISORS OF
WRIGHT COUNTY, IOWA, *et al.*, Appellants.

**Drainage Petition:** "ADJACENT OWNER" DEFINED. "Adjacent own-
ers," within Code 1873, title 10, chapter 2, requiring a petition for
a ditch to be signed by "a majority of persons resident in the
county, owning land adjacent to such improvement,   *   *   *
setting forth the necessity of the same," are the owners of land
abutting on the improvement, and not the owners of all the land
within the congressional subdivision through which it runs.

ROBINSON, C. J., and WATERMAN, J., dissenting.

*Appeal from Wright District Court.*—HON. B. P. BIRDSALL,
Judge.

SATURDAY, APRIL 8, 1899.

CERTIORARI to the defendant board to review its pro-
ceedings relative to the assessment and levy of taxes for the
construction of a ditch under the provisions of the statute.
The ditch in this case is the same as that in question in the
case of *Aldrich v. Paine,* 106 Iowa, 461, and the facts are the
same, so they need not be repeated. Among the illegalities
alleged against the action of the board of supervisors is that
of want of jurisdiction to order the construction of the ditch.
The district court determined that the board was without
jurisdiction, and avoided it proceedings, and from the judg-
ment the defendants appealed.—*Reversed.*

*Peterson & Humphrey* and *J. W. McGrath* for appel-
lants.

*Nagle & Nagle* for appellees.

GRANGER, J.—The issues present two jurisdictional
questions as to the authority of the board of supervisors to
order the construction of the drain or ditch. One is as to the

authority of the board to order its construction through the incorporated town of Clarion, and the other is as to the sufficiency of the petition presented to the board invoking its action in the premises.

The first question—that of the authority of the board to order its construction, in part, within the incorporated limits of the town—was settled in the case of *Aldrich v. Paine,* in favor of the jurisdiction of the board.  These proceedings were had under the law as it was before the present Code, and is found in Code 1873, title 10, chapter 2; the chapter being, "Of Levees, Drains, Ditches and Watercourses," for the construction and changing of which the board of supervisors is given authority under prescribed conditions.  A jurisdictional requirement is that there shall be first filed in the office of the county auditor "a petition signed by a majority of persons resident in the county, owning land adjacent to such improvement   *   *   *   setting forth the necessity of the same, the starting point, route, and terminus."  It is undoubted that such petition is a condition precedent to the authority of the board to act, and one of the grounds upon which the plaintiffs seek to set aside the order of the board of supervisors in ordering the ditch in question is that no such petition was presented.  A petition was presented.  Its sufficiency is what is questioned, in that it was not signed by the requisite number of land owners.  We understand the controversy to be this:  If the law simply requires a majority of the owners of the land actually adjoining or abutting on the improvement, then the petition was properly signed.  But if, in case of a congressional subdivision of land, a part has been sold that abuts on the improvement and another part does not, the owner of the land not abutting must be included in the number, then the petition was not properly signed.  The situation of this case in this respect is this:  The petition, as the law required, was placed in the hand of an engineer, who reported that the proposed ditch would pass through certain congressional subdivisons

of land, which were actually a part of the town of Clarion, and subdivided into blocks and lots. It is appellees' thought that, as the subdivisions are adjacent to the improvement, all parts thereof, by whomsoever owned, are adjacent, within the meaning of the statute, so as to be included in the number of which a majority must sign the petition. We do not think that is the law. We realize that the word "adjacent" does not at all times mean adjoining or abutting; but it is many times so used, and the purpose of its use is to be known from the context. Synonyms of the word are "abutting," "adjoining," "attached," "beside," "bordering," "close," "contiguous," "neighboring," "next," and "nigh." The object of the petition is to invoke the action of the board; and, as notices are required, after the proceedings are commenced, to all owners of land along the route of the proposed ditch, before action is taken, other than to trace out the line of work, and get information as to what lands will be affected by it, and how, no reason appears for requiring the petition to be signed by more than a majority of those presumably directly interested, because their land must be affected by the improvement, favorably or otherwise. The object of the petition is to show at least apparent necessity for the improvement, and put the law in operation. As to the parties not owning abutting lands, but owning lands in the abutting subdivisions, there is no more reason for regarding them as adjacent owners than of so regarding other owners of land, just as near the improvement, who may be as much, or more directly, affected by the improvement.

Again, it is not properly to be said that the report of the engineer as to lands through which the improvement will be located is a guide as to who are adjacent owners, within the meaning of the law as to who shall be so classed for the purpose of petitioning, because the petition must be signed before he acts, and the copy is in his possession when he acts. Any other rule would involve great uncertainty in such proceedings; for if we depart from a rule that "adjacent owners"

means those owning land abutting on the improvement, and take any of the other definitions of the word "adjacent," as "near," "nigh," "neighboring," or "close," what reasonable rule can a board of supervisors have to determine the fact of its jurisdiction? The language employed in *Richman v. Board,* 70 Iowa, 627, wherein the term "interested in the work" or "improvement" is used, must not be understood as including "adjacent owners," as the term is herein defined. This holding settles the case in favor of the jurisdiction of the board of supervisors, and the judgment of the district court must be REVERSED.

ROBINSON, C. J., dissents from so much of the foregoing opinion as approves and follows the case of *Aldrich v. Paine.* WATERMAN, J., unites in the dissent.