P. S. RIDGWAY, Appellant, v. THE CITY OF OSCEOLA, Appellee.

**Municipal corporations:** VACATION OF STREETS AND ALLEYS: COMPENSATION TO ABUTTING OWNERS. While cities and towns have statutory power to narrow or vacate streets, alleys and public rounds they cannot do so, where the same have become appurtenant to adjoining property, with respect to its free and convenient use, without rendering just compensation to the abutting owner.

*Appeal from Clarke District Court.*— HON. H. K. EVANS, Judge.

WEDNESDAY, OCTOBER 21, 1908.

ACTION to recover damages for the vacation of a street and alley upon which plaintiff's property abutted. Defendant demurred to the petition, and its demurrer was sustained. Plaintiff appeals.— *Reversed.*

*O. M. Slaymaker,* for appellant.

*Temple & Temple,* for appellee.

DEEMER, J.— As the case was decided upon a demurrer to the petition, we must go to that petition for the facts. It is recited therein that plaintiff is the owner of parts of certain lots in the defendant city which were situated immediately south of the right of way of the Chicago, Burlington & Quincy Railroad as it passed through the city. Plaintiff's property is irregular in shape because the railway right of way does not conform to the other lines and boundaries of the property. The lots are twelve or fifteen feet in width on the west and one hundred and seventy feet wide on the east. They have a frontage of two hundred and fourteen feet on the south, and the north line is parallel with the railway right of way. There are two houses on plaintiff's lots, and prior to the vacation complained of there were streets on the west and south of his property and an alley on the east. Prior to the vacation, plaintiff had erected a wood and coal house and other buildings upon her lots; the alley affording access thereto. That we may have the exact question for consideration before us, we now quote the following from the petition:

That on or about the 9th day of October, 1905, defendant, city of Osceola, did, without consent of plaintiff, by proper proceedings, vacate and close to travel said alley running north and south past and abutting on plaintiff's premises on the east, vacating and closing it from a point about fifteen feet south of the northeast corner of plaintiff's lots, north to a point north of defendant's railroad company right of way, and did at the same time and in the same proceeding convey said vacated part of said alley to said defendant railroad company, and said railroad company took charge of same and barricaded said alley where vacated, closing same and stopping travel thereon, thereby rendering the back part of plaintiff's property, which abuts on said alley, and the buildings thereon, hard to access, and practically worthless. That also on or about the 9th day of October, 1905, defendant, city of Osceola, did, without consent of plaintiff or recompense to her, by proper proceedings, vacate and close to travel Jackson street from a point commencing at the southwest corner

of plaintiff's west lot, north across defendant's railroad company right of way, and did at the same time and by the same proceeding transfer and convey the vacated part of said street to said defendant railroad company, and said company took charge of the same and barricaded said vacated street, closing the same and stopping travel thereon, thereby interfering with the access to plaintiff's property, and the comfort and enjoyment of it as a home, rendering it undesirable as a building spot, depreciating its rental worth and greatly diminishing its value. That in vacating said Jackson street same was vacated parallel to and south of said right of way, thereby closing and vacating Washington street just west of and abutting plaintiff's property, so that the entire access to plaintiff's property is cut off from the north and west. That defendant railroad company has taken charge of all of said vacated parts of said streets and alley, and converted same to their own use, and has placed across the intersection of said streets what is commonly called a viaduct, being an iron structure about twenty-five feet in height and crossing the tracks at right angles, over which foot passengers can cross, but effectually and thoroughly closing said street to other travel. That plaintiff's property now has no west or north access thereto by street or alley on account of the streets and alley being closed as above alleged. That all injuries complained of are permanent in their character, and the viaduct will be allowed to remain, and the streets and alley will be kept closed. That plaintiff has expended money and built expensive properties facing said streets, with no knowledge or information that same could or would be closed and a nuisance placed therein, as had been done in this case by defendants.

In an amendment to the petition, it was alleged:

That, by closing said streets and alley abutting on plaintiff's property, defendant city of Osceola greatly and materially interfered with the access to plaintiff's property from and to other parts of the city, and interfered with its free and convenient use and with plaintiff's ingress and egress, and shut off ingress and egress over said vacated parts of said property where it abutted thereon. That, by vacating and closing said streets and alley, and conveying same to

said railroad company, defendant city has greatly and materially interfered with the comfort and enjoyment of said property as a home, rendering it undesirable as a building spot, depreciating its rental worth and greatly diminishing its value.

The demurrer was upon the ground that the law affords no relief for the proper and regular vacation of streets and alleys by the council of a city. The trial court was of that opinion, and the appeal challenges the ruling on the demurrer. It is conceded that under section 751 of the Code, cities and towns have power to narrow or vacate streets, alleys, or public grounds; but it is contended that they may not do so when it interferes with and damages abutting property. It may not be out of place to say that the mere fact that the city conveyed the property to the railway for private or semipublic purposes is immaterial to our present inquiry. Under the rule established by this court, the city council may convey vacated streets and alleys to private individuals. *Dempsey v. Burlington,* 66 Iowa, 687; *Harrington v. Railroad,* 126 Iowa, 388.

The transfer to the railway is unimportant, save as the use thereof by the company interferes with plaintiff's use of the property for a street or alley. In *Barr v. Oskaloosa,* 45 Iowa, 275, it was expressly held that a property owner could not recover damages from a town or city for damages sustained by reason of the vacation of a street or alley, and thus the law stood until the decision in *Long v. Wilson,* 119 Iowa, 267, and *Borgharl v. Cedar Rapids,* 126 Iowa, 313. In these latter cases it is held that, where the street or alley is necessary to the free and convenient access to the premises of the particular owner, his right to such use is appurtenant to his premises, and cannot be taken away without the payment of damages.

Appellee's counsel contend that what was said in these latter cases was purely obiter, and not controlling, but it is manifest from a reading thereof that there was a pur-

pose to recede from the broad doctrine announced in the
*Barr* case, and that to some extent at least that decision was
overruled. It is also argued with a great deal of ability
and much earnestness that the decision in the *Barr* case
should be adhered to as announcing the correct principle,
both in reason and on authority, and that the latter cases
should not be considered as in any way modifying the rule
in the *Barr* case. The courts of Pennsylvania, California,
Rhode Island, and to a certain extent those of New York
adhere to the doctrine of the *Barr* case. See *McGee's Appeal,* 114 Pa. St. 470 (8 Atl. 237); *Polack v. Trustees,* 48
Cal. 490; *Gerhard v. Seekonk,* 15 R. I. 334 (5 Atl. 199);
*Coster v. Albany,* 43 N. Y. 399. While the contrary is held
in the following decisions from other States: *Pearsall v.
Eaton,* 74 Mich. 558 (42 N. W. 77, 4 L. R. A. 193);
*Haynes v. Thomas,* 7 Ind. 38; *Petition of Concord,* 50 N.
H. 530; 1 Hare's Const. Law, 377–382; *Railroad v. Hartley,* 67 Ill. 439 (16 Am. Rep. 624); *Railroad Co. v. Combs,*
10 Bush (Ky.), 382 (19 Am. Rep. 67); *Cincinnati v.
White,* 6 Pet. 431 (8 L. Ed. 452). The reasoning upon
which these latter cases proceed is thus stated by Judge El-
liott in his work on Roads and Streets (1st Ed.) 662, 663:

The Legislature by virtue of its general power over the
highways of the State may, as we have said, undoubtedly
order the vacation of such of them as it may deem expedient
to vacate; but, where the vacation of a highway will cause
special injury to an adjoining owner, he is entitled to com-
pensation. It is substantially agreed by the courts that the
abutter has a private interest in the road or street as such,
and, if he has this right, it is property which cannot be taken
from him without compensation. The right to a road or
street which the landowner possesses as one of the public is
different from that which vests in him as an adjoining pro-
prietor, and it is also distinct and different from his rights
as owner of the servient estate. The right which an abutter
enjoys as one of the public and in common with other citi-
zens is not property in such a sense as to entitle him to com-

pensation on the discontinuance of the road or street, but, with respect to the right which he has in the highway as a means of enjoying the free and convenient use of his abutting property, it is radically different, for this right is a special one.   If this special right is of value — and it is of value if it increases the worth of his abutting premises — then it is property, no matter whether it be of great or small value. Its value may furnish the standard for measuring the compensation, but it cannot change the nature of the right itself. For this reason, we think that the discontinuance or vacation of a street in such a manner as to prevent access to the property of an adjoining owner is a 'taking' of property within the constitutional inhibition, and cannot be lawful without compensation to such owner.   This proposition is not without support of authority as well as reason, although it is true that there are many cases which assert or give countenance to a contrary doctrine.

This is the doctrine of our later cases, and this is the one followed in *Heinrich v. City*, 125 Mo. 424 (28 S. W. 626, 46 Am. St. Rep. 490).   See, also, *O'Brien v. Iron & Steel Co.*, 158 Ind. 218 (63 N. E. 302, 57 L. R. A. 508, 92 Am. St. Rep. 305), and cases therein cited; *Theobold v. Railroad*, 66 Miss. 279 (6 South, 230, 4 L. R. A. 735, 14 Am. St. Rep. 564); *Abendroth v. Railroad*, 122 N. Y. 1 (25 N. E. 496, 11 L. R. A. 634, 19 Am. St. Rep. 461).   We need not quote from these cases or further analyze the rationale of the rule.   Suffice it to say that a street or alley may become so appurtenant to abutting property that it cannot be vacated without paying compensation to the owner of that property.

Of course, in so far as the damages are not different from those of the general public, no damages may be recovered.   And, if the owner still has free access to his property and to the improvements thereon, and his means of ingress and egress are not substantially interfered with, no damages may be recovered.   But this latter is a question of fact rather than of law, and cannot as a rule be decided upon demurrer.   The allegations of the petition must be

treated as a verity for the purposes of this case, and they show a special damage to plaintiff's property by reason of the vacation, due, as is alleged, to interference with the free and convenient use thereof and the shutting off of the means of ingress and egress thereto. Whether or not this caused any substantial damage to the plaintiff or to her property is a question of fact alleged by plaintiff and admitted for the purposes of the case by the defendant. Once admitted, it is clear that the demurrer should have been overruled and defendant required to answer. It does not appear that plaintiff had other and sufficient means of access to her property, and, if it did, such fact would under the allegations of the petition simply go in mitigation of damages or rather would be a fact to be taken into account in arriving at the amount of damages sustained. *Heinrich v. City, supra; Lindsay v. City,* 30 Neb. 512 (46 N. W. 627, 27 Am. St. Rep. 415); *Glasgow v. City,* 107 Mo. 202 (17 S. W. 743).

The ruling on the demurrer was erroneous, and the judgment must be, and it is, *reversed.*