S. W. BRYAN, JR., Appellee, v. CARL S. PETTY, Appellant.

**Highways:** OBSTRUCTION: RIGHTS OF ADJOINING LAND OWNER: INJUNCTION. A landowner who has suffered some special injury by reason of the obstruction of the highway adjoining his premises may maintain an action to enjoin the obstruction; but where a new highway is established to take the place of an old one, and he suffers no injury except that the new road is more hilly and inconvenient to travel, which inconvenience is shared in by the general public, he cannot maintain the action.

*Appeal from Wayne District Court.*—HON. H. K. EVANS, Judge.

TUESDAY, NOVEMBER 11, 1913.

THIS is an action in equity to enjoin the alleged obstruction of a highway. There was a decree for the plaintiff, and the defendant appeals.—*Reversed.*

*C. W. Elson* and *Miles & Steele,* for appellant.

*H. B. Bracewell* and *Tedford & Carter,* for appellee.

PER CURIAM.—The highway in question was originally established in 1857. In 1901 the board of supervisors of the county purported to alter the same; such action being taken

upon a consent petition of all owners of land abutting upon
the original highway and upon the highway in its altered
location. In March, 1910, the abutting owners opened the
road in its new location. The defendant, being an abutting
owner, erected a fence across the former location, thus com-
pelling the diversion of travel to the new location. The plain-
tiff is not an abutting owner. Plaintiff's farm and residence
are located one mile north of the place of alteration in the
highway. The road in question, however, is the direct road
from plaintiff's farm to his market town, Lineville, and to
his post office. The following plat indicates the nature of
the alteration established by the board of supervisors and put
in effect by the defendant:

The relative positions of the old and new roads are made to appear therein. The contention of the plaintiff is that the action of the board of supervisors in establishing such alteration was void for want of the statutory notice.

We are confronted at the outset, however, with the contention of the defendant that the plaintiff cannot maintain this action because he has no other or different interest in the maintenance of the same than as one of the general public; that no private right or special interest of property of his is affected by the obstruction complained of. It has frequently been held that an abutting landowner may maintain such an action where the obstruction interferes with the free and convenient use of his abutting property. The right of the abutting landowner in such a case is a special one, and he is entitled to maintain a civil suit for its protection. *McCann v. Clarke County,* 149 Iowa, 13; *Long v. Wilson,* 119 Iowa, 267; *Borghart v. Cedar Rapids,* 126 Iowa, 313; *Ridgway v. Osceola,* 139 Iowa, 590. We have also held that, if an obstruction to a highway is such as to interfere with the free access to plaintiff's property or is such as cuts off his place of business from the free course of trade, he may maintain an action for the protection of his special right, even though he be not an abutting owner. *Ewell v. Greenwood,* 26 Iowa, 377; *Young v. Rothrock,* 121 Iowa, 588; *Platt v. C., B. & Q.,* 74 Iowa, 127. The usual showing in this latter class of cases is that the value of complainant's property and property rights is diminished by the alleged obstruction. On the other hand, we have held that one cannot enjoin the obstruction of a public highway where he suffers only such inconvenience or injury as is the same in kind with that of the general public, although it may be greater in degree as to the complainant. *Ingram v. Railway Co.,* 38 Iowa, 669-675; *City of Ottumwa v. Chinn,* 75 Iowa, 405; *Brant v. Plumer,* 64 Iowa, 33; *Ridgway v. Osceola,* 139 Iowa, 590; *Walker v. City of Des Moines,* 161 Iowa, 215.

In the case before us the obstruction complained of is not such as to prevent the free access of the plaintiff to his prop-

erty. There was no attempt to show that any property or property right of plaintiff's was affected or diminished in value. The obstruction of the highway only compelled plaintiff like all other travelers to pass over the new road instead of the old. The one complaint is that the new road is not as good as the old and can never be made as good. It is much more hilly than the old road. We infer that the old road in its winding course skirted the foot of the hill, whereas the new road passes over it. The following is the plaintiff's entire testimony descriptive of the inconvenience suffered by him by the change of road:

The road on the line of the proposed change was pretty heavy timber. There is lots of stumps on it and not many stumps have been grubbed out. On the new road going west from the old road there is a very steep hill. The west line is not near so steep but is considerably hilly. I do not think you can make as good a road over the proposed new road as you could over the original road. The road as it goes east and south of the Petty land is pretty rough and considerable. stumps. The road east of the Petty farm is rougher than the old road. I do not think as good a road can be made east of the Petty farm as the road across that farm.

We see nothing in the complaint that is not applicable to the general public as travelers over the same road. Not only does it not appear that plaintiff's property or the use of it was depreciated in value by the alteration but it appears affirmatively that plaintiff's grantor who conveyed the land to him in 1910 was one of the petitioners for the alteration.

We see no escape from the conclusion that the plaintiff has failed to prove special injury such as to entitle him to maintain the action. The petition must therefore be dismissed for that reason. This conclusion renders it inappropriate for us to consider the question of the validity of the action of the board of supervisors establishing the alteration. The decree of the trial court must be reversed, and the petition of the plaintiff dismissed.—*Reversed.*

WEAVER, C. J., and DEEMER, GAYNOR, and WITHROW, J. J., concurring.