LILLIAN NALON, Appellee, v. CITY OF SIOUX CITY, Appellant.

No. 41930.

SEPTEMBER 26, 1933.

H. C. Harper, A. O. Jepson, and Jesse E. Marshall, for appellant.

Griffin, Griffin & Griffin, for appellee.

DONEGAN, J.—The plaintiff, Lillian Nalon, is the owner of a lot having a frontage of 30 feet on the north side of West Thirteenth street, in the city of Sioux City, Iowa, and extending northward about 108 feet in depth. West Thirteenth street is a paved street running east and west, and, prior to the digging of the ditch involved in this action, extended some distance west of plaintiff's property. Perry creek, in the vicinity of plaintiff's lot, ran in a generally southeasterly direction. The natural channel of the creek, at its nearest point to plaintiff's property, was approximately 150 to 200 feet west of the rear or north end of plaintiff's lot. At this point nearest the plaintiff's lot the natural channel of the creek bent westward, thence southward, thence eastward, forming what is known as a horseshoe bend. The city of Sioux City undertook to straighten the channel of this creek and cut a new channel from the point where the horseshoe bend began west of the plaintiff's lot, thence in a southeasterly direction to where this new channel met the natural channel at a point south and east of plaintiff's lot. Plaintiff's lot is located in a residence section of Sioux City, and on this lot there was a two-story six-room residence and a double garage. The residence stood near the southwest corner of her lot; the west side of such residence being about 2 feet from the west line of the lot, and the front of the residence about 2 or 3 feet from the south line of the lot.

In straightening out Perry creek, the defendant city dug a ditch about 20 feet wide and 20 feet deep. This ditch runs in a southeasterly direction, and near the southwest corner of plaintiff's lot the top of the ditch is 5 feet from the southwest corner of plaintiff's house. The ditch extends diagonally southeast across West Thirteenth street in front of plaintiff's property, and at the

south line of the street the east edge of the ditch is approximately south of the east line of plaintiff's lot.

In her petition plaintiff claimed damages, because after heavy rainfalls the creek deposits large quantities of debris and filth along its banks; because, as constructed, the change in the channel deprived plaintiff's lot of its lateral support; because access to the street is rendered more difficult; and because of removal of a shade tree which was immediately in front of plaintiff's house.

Defendant admitted constructing the new channel, denied generally all other allegations of the petition which were not admitted, and pleaded other special defenses. Trial was had to a jury, and at the close of plaintiff's evidence defendant moved the court to direct the jury to return a verdict in favor of the defendant. This motion for a directed verdict was overruled. By agreement of parties, the jury was discharged, and the cause submitted to the court on the question of damages; it being agreed that the court might enter a judgment with all the force and effect of a finding of the jury. Thereupon the court discharged the jury and entered judgment in favor of the plaintiff for $1,250 and costs. From this ruling and the judgment of the court the defendant appeals.

The only error relied upon by the appellant for reversal is as follows:

"1. The sole proposition presented on this appeal is that the Court erred in overruling defendant's motion for a directed verdict and should have held as a matter of law that there is no right of action for an incidental injury to the value of property caused by a proper work of public improvement where there is no direct taking of plaintiff's property or trespass thereon."

Appellant's brief and argument is devoted to this one proposition, that there was no taking of plaintiff's property within the meaning of the constitutional provision against taking property without compensation, and that any and all damages claimed by appellee resulted indirectly from the construction of the ditch adjacent to the appellee's property and are incidental and consequential. Article 1, section 18, of the Constitution of the state of Iowa, provides as follows:

"Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof".

Appellant cites authorities in support of its contention that there can be no taking of private property within the contemplation of this provision of the Constitution unless there is a physical appropriation of the property itself, and that, where the property is not physically taken, any damages resulting to such property because of a public improvement are indirect and consequential and, in the absence of statutory provision authorizing payment thereof, cannot be collected against a city when acting in its governmental capacity. It may be conceded that, in construing provisions such as that in our Constitution, which merely provide for compensation for the taking of property, the authorities quoted by appellant are in conformity with appellant's contention. It does not necessarily follow that there may not be, in any case, a *taking* of property without the actual invasion of the physical property itself. On the contrary, there is ample authority in support of the rule that, even where the provision is only for compensation for the *taking* of property, there may be a taking of property by preventing or substantially interfering with the owner's access to his property from a public street.

Prior to the case of Long v. Wilson, 119 Iowa 267, 93 N. W. 282, 60 L. R. A. 720, 97 Am. St. Rep. 315, there may have been some confusion in our decisions. Since the decision in that case, this court has become firmly committed to the doctrine that a substantial interference with a property owner's right of access to his property from a public street amounts to a taking of property and that damages can be recovered therefor. In that case the abutting property owner had been deprived of all but 13 feet of a street 70 feet in width in front of his property. The lower court overruled a demurrer to the petition of plaintiff, and, in sustaining the lower court, we said:

"It may not be of importance to the general public whether a particular street is vacated or not. It is important to the individual owner of abutting property that he shall be able to get to and from his residence or business, and that the public shall have the means of getting there for social or business purposes. In such a case access to thoroughfares connecting his property with other parts of the town or city has a value peculiar to him, apart from that shared in by citizens generally, and his right to the street as a means of enjoying the free and convenient use of his property has a value quite as certainly as the property itself. If this special right is of

value,—and it is of value if it increases the worth of his abutting premises,—then it is property, regardless of the extent of such value. Surely no argument is required to demonstrate that the deprivation of the use of property is to that extent the destruction of its value."

Again, in the case of Borghart v. City of Cedar Rapids, 126 Iowa 313, 101 N. W. 1120, 68 L. R. A. 306, where the city had vacated and sold a portion of a public square through which plaintiff obtained access to his property, in affirming the decision of the lower court allowing damages to the plaintiff, we said:

"But here the injury complained of is peculiar to plaintiff's property, and not such as is shared by the public generally. In so far as the street or public ground was necessary to the free and convenient way for travel to and from the lot, her right to its use for that purpose was appurtenant to her premises, and essential to their enjoyment. The abutter has a right, in common with the community, to use the street from end to end for the purpose of passage; but, in addition to this common right, he has an individual property right, appendant to his premises in that part of the street which is necessary to free and convenient egress and ingress to his property. That this latter right is private and personal and unshared by the community, and cannot be taken away without answering in damages, is held by substantially all the authorities." (Citing cases.)

Likewise, in the case of City of Ridgway v. City of Osceola, 139 Iowa 590, 117 N. W. 974, 975, where a street and alley had been vacated and deeded to a railway company which proceeded to bar the same to traffic, although the plaintiff's property was not entirely deprived of access, we held that he was entitled to prosecute his action for damages, and said:

"The transfer to the railway is unimportant, save as the use thereof by the company interferes with plaintiff's use of the property for a street or alley. In Barr v. Oskaloosa, 45 Iowa 275, it was expressly held that a property owner could not recover damages from a town or city for damages sustained by reason of the vacation of a street or alley, and thus the law stood until the decision in Long v. Wilson, 119 Iowa 267, 93 N. W. 282, 60 L. R. A. 720, 97 Am. St. Rep. 315, and Borghart v. Cedar Rapids, 126 Iowa 313, 101 N. W. 1120, 68 L. R. A. 306. In these latter cases it is held that, where the street or alley is necessary to the free and convenient

access to the premises of the particular owner, his right to such use is appurtenant to his premises, and cannot be taken away without the payment of damages.

"Appellee's counsel contend that what was said in these latter cases was purely obiter, and not controlling, but it is manifest from a reading thereof that there was a purpose to recede from the broad doctrine announced in the Barr case, and that to some extent at least that decision was overruled."

See, also, Richardson v. Webster City, 111 Iowa 427, 82 N. W. 920; Furgason v. Woodbury County, 212 Iowa 814, 237 N. W. 214.

In the case at bar, the petition alleges among other grounds "that access to the street is rendered more difficult; that said creek is now immediately in front of plaintiff's property where there was formerly a paved street".

And in plaintiff's testimony she said:

"They have changed the channel so that it runs right in front of my place, they tore up Thirteenth Street and it is barricaded immediately in front of my house. * * * You wouldn't have a chance to rent it as readily and it is more difficult to get into the house from the street."

The witness Haag testified:

"The change has caused the street to stop right in front of this house, that fact depreciates the value of this house."

Under the rule that a substantial interference with access to property by means of a public street does amount to a taking of property for which damages may be collected, there was evidence to carry this case to the jury, and the trial court did not err in overruling the appellant's motion for a directed verdict.

As this is the only question which has been presented to the court under the errors relied upon for reversal, the ruling and judgment of the trial court must be, and is, hereby affirmed.

ALBERT, C. J., and EVANS, KINDIG, and CLAUSSEN, JJ., concur.