WILLIAM CHRISTENSEN et ux., appellants, v. BOARD OF SUPERVISORS OF WOODBURY COUNTY, appellee.

No. 50599.

MAY 8, 1962.

W. A. Dutton, of Sioux City, for appellants.

Robert E. Beebe, of Kindig, Beebe, McCluhan & Rawlings, of Sioux City, for appellee.

PETERSON, J.—This is an action pertaining to vacation of a 300-foot segment of a secondary road in Woodbury County. The vacation is needed for the purpose of construction of Interstate Highway No. 29 running generally in a northerly and southerly direction between Sioux City and Onawa.

Plaintiffs were given notice as to such vacation, and that hearing would be held at the courthouse at Sioux City on March 19, 1958. Plaintiffs are the owners of two eighty-acre tracts abutting the secondary road, one tract being located on the east side of the highway and the other on the west side. Plaintiffs filed objections to the vacation, and in the alternative for damages.

After the hearing, the Board of Supervisors took the matter under consideration, and on September 29, 1958, overruled the objections of plaintiffs as to vacation of the road, and denied damages. Plaintiffs did not learn about the ruling of the Board until July 25, 1959, when the road was barricaded on each side

of the interstate road area. On August 12, 1959, petition was filed in the District Court of Woodbury County, which is in the nature of an appeal as provided by section 306.11, Iowa Code of 1958. Defendant filed special appearance, which was sustained by the trial court. On appeal to this court such action was reversed; this court holding that special appearance did not reach consideration of the subject matter involved. The decision in such appeal appears in 251 Iowa 1259, 105 N.W.2d 102. The case was remanded to the District Court of Woodbury County.

Defendant then filed motion to dismiss the petition, basing such motion on our decision in the case of Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N.W.2d 60. The trial court sustained the motion, basing its ruling on the above cited case. Plaintiffs again appealed.

Appellants allege the trial court committed errors as follows: 1. The date of closure of the vacated area should have been held to be July 25, 1959, instead of September 29, 1958. 2. In holding that chapter 204 of the 58th G. A., which amended section 306A.6, merely established a forum, and did not change plaintiffs' remedy. 3. In holding that plaintiffs' access to the secondary road has not been terminated or obstructed and holding they had the same access as they had before the vacation, lost no property rights, and have no right to recover. 4. In failing to consider plaintiffs' claim of contractual right, by virtue of plaintiffs dedicating two 12-foot strips off each eighty in connection with the establishment of the Interstate Highway.

I. Plaintiffs' first alleged error pertains to the date of closure of the vacated strip of the secondary road.

After the hearing before the Board of Supervisors, at which plaintiffs were present, and after taking the matter under consideration the order for vacation of the 300-foot strip was made by the Board of Supervisors on September 29, 1958.

No physical action was taken in connection with the matter by defendant until July 25, 1959, when barricades were placed at each end of the strip. It is plaintiffs' position that the matter of the date of closure is important because chapter 204 of the 58th G. A. went into effect on July 4, 1959, and if the closure of the vacated strip was not made until July 25th, said chapter 204 would be effective as to the case at bar. If the closure was

made on September 29, 1958, when the Board of Supervisors adopted its order for closing and placed the same on the records of the Board of Supervisors, the said closure was made long before chapter 204 became effective.

The trial court was right in holding that the vacation of the 300-foot strip of the secondary road became effective on September 29, 1958. That is when the official and legal action was taken by the Board. The act afterwards of placing the barricades at each end of the vacated strip was only a ministerial act. The official action was taken on September 29, 1958. The date on which the workmen physically placed the barricades had no legal significance.

This question is not important because chapter 204 is only procedural and does not grant plaintiffs a new remedy. Both parties discussed the chapter as retrospective action. This is immaterial as shown in the next Division.

II. The fact that chapter 204 of the 58th G. A. provides that sections 306.5 to 306.11 shall be considered as an amendment to 306A.6 pertains exclusively to procedure. It does not affect the question of vacation of a part of the secondary road, nor payment for such vacation. Whether the amendment of the 58th G. A. became effective before or after the decision by defendant in plaintiffs' case is immaterial.

In fact, section 306.11 was the procedure used by plaintiffs in connection with their appeal to the District Court, after defendant overruled plaintiffs' objections, and denied damages.

III. The trial court properly held plaintiffs had lost no access to the secondary road on which their two eighties abutted. Their access to the road was as free and untrammeled after the vacation of the 300-foot strip as it had been during all previous years. The only difference was that since they were farming the two eighties as one farming unit they were inconvenienced in moving their crops and cattle from one 80 to the other.

This case is identical with Warren v. Iowa State Highway Commission, supra. Mrs. Warren and her family owned forty acres east of the highway upon which they maintained their home and farm buildings. They owned a larger tract of land

west of Interstate Highway No. 35 on which they raised crops. The two tracts were farmed as one unit.

In both cases the existence of the Interstate Highway made it necessary for the Warrens and the Christensens to travel several miles in order to move machinery, cattle or anything else from one tract of their farm to the other. In this respect their position was not different from that of the general public, except the added usage created added inconvenience.

This matter was discussed at length by Justice Thompson, for the court in the Warren case, and extended repetition of the discussion of the reasons for the denial of damages is not necessary in this case.

However, since the matter has come before us again, in a similar situation, we desire to emphasize the matter of construction of Interstate Highways, and the implications involved in the maintenance of such highways. It is a joint Federal and State project; the Federal Government paying 90% of the cost and the States 10%.

The basis of the construction of Interstate Highways in the state and nation is to secure quicker movement of traffic, and to reduce hazards to life and property. The highways consist of two concrete strips with a median between such strips, thus creating one-way traffic.

If permission is granted for access to Interstate Highways from every country road and every city street, the basis of their construction will be destroyed.

In argument reference was made to Senate File 353 of the 59th G. A. It was adopted by both Senate and House, but was vetoed by the Governor. Appellants contend it shows the intention of the Legislature with reference to the fact of secondary roads, city streets, etc., securing access to Interstate Highways. Consideration of the Act is unnecessary since it did not become a part of our statutes.

IV. Hearing was held on defendant's motion to dismiss plaintiffs' petition on August 3, 1961. The court instructed defendant to file brief and argument before August 13th, and instructed plaintiffs to file brief and argument before August 23rd. Defendant filed its brief and argument as instructed. Plaintiffs failed to file in accordance with the order of the court, but

on August 24, 1961, plaintiffs filed an amendment to their petition. The petition has been on file in the District Court since August 12, 1959. In such amendment plaintiffs claimed for the first time they have a contractual right with the county as to the use of the highway without material change in the line of travel between their two eighties by reason of having conveyed to the Highway Commission a 12-foot strip from the side of each 80-acre tract. Plaintiffs do not allege any written agreement to this effect. They do allege that under oral agreement the defendant or Highway Commission should grade said 12-foot strip in connection with Interstate Highway No. 29 for the use of plaintiffs and the public, which plaintiffs say was properly done.

Defendant on August 26, 1961, filed a motion to strike the amendment to petition. The motion was never acted on by the trial court and the matter was not referred to in the ruling of the court on defendant's motion to dismiss.

Appellants do not allege any facts in the amendment which establish a right to open the secondary road, or to allowance of damages.

The ruling of the trial court dismissing plaintiffs' petition is affirmed.—Affirmed.

All JUSTICES concur except MOORE, J., who takes no part.