Annie A. BRADEN, Appellee,

v.

BOARD OF SUPERVISORS OF POT-
TAWATTAMIE COUNTY,
Iowa, Appellant.

Laura A. RUSH, Appellee,

v.

BOARD OF SUPERVISORS OF POT-
TAWATTAMIE COUNTY,
Iowa, Appellant.

No. 52881.

Supreme Court of Iowa.

March 5, 1968.

———◆———

Hess, Peters, Sulhoff & Walker, Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, Council Bluffs, for appellees.

RAWLINGS, Justice.

Each plaintiff appealed to district court from denial of damages allegedly resulting from defendant board's Code chapter 306 order vacating bridge portion of local secondary road. Both cases were consolidated for purpose of submission. Defendant filed motions to dismiss and for adjudication of law points. Trial court overruled motions to dismiss. With leave granted, (rule 332, R.C.P.), defendant takes unchallenged appeal. We affirm.

Although the record fails to so disclose, it is assumed plaintiffs' petitions and defendant's motions, on appeal to district court, are identical in each of the cases presented.

March 1960, Bridge No. 2801, crossing Walnut Creek, in Pottawattamie County, located on a local secondary unimproved road, was destroyed by ice and never replaced.

April 8, 1966, county board of supervisors published notice of hearing on proposed vacation of that part of the roadway lying between the creek banks. Section 306.6, Code, 1966.

Plaintiffs, Annie A. Braden and Laura A. Rush, owners of land adjoining either side of the roadway and both sides of the creek, filed objections to the proposal, also claiming damages.

After hearing on objections and claims, the board entered an order of vacation as proposed and denied damages sought by plaintiffs.

Braden and Rush both appealed to district court. Section 306.11, Code, 1966.

The sole proposition urged by defendant in support of reversal is that plaintiffs' petitions failed to state a cause of action because, (1) the respective properties do not abut that portion of the roadway being vacated so as to affect rights of access to highways generally, and (2) plaintiffs' individual rights of access to abutting roadway are not substantially interfered with or cut off.

■ I. Trial court's rulings on motions for adjudication of law points are neither challenged nor argued on appeal. In that regard this court has repeatedly held a proposition neither assigned nor argued presents no question and need not be considered by us on review. See Associates Discount Corp. v. Held, 255 Iowa 680, 683–684, 123 N.W.2d 869.

■ However, as counsel undoubtedly realized, law points unavoidably involved

in the motions to dismiss must be accordingly considered.

II. The first question posed is whether plaintiffs' properties abut that portion of the road vacated by defendant board.

Walnut Creek is a nonnavigable waterway running generally north and south.

Braden owned land north of the subject road, the material portion here concerned consisting of a 240 foot tract dissected by the creek.

The Rush land consists of 40 acres south of the roadway, also divided by the stream.

■ Ordinarily the boundary line between lands of separate owners bordering on a nonnavigable waterway, is the middle thread of the channel. But where, as in the case at hand, such a water course flows over the land of a singular owner, he generally has title to the whole of the stream bed within the boundaries of his property. Holmes v. Haines, 231 Iowa 634, 639, 1 N.W.2d 746. See also Patton on Titles, section 81, page 287; Tiffany on Real Property, Abridged Ed., section 674, page 689; 11 C.J.S. Boundaries § 27b(2), page 571; 93 C.J.S. Waters § 71, page 745; and 12 Am.Jur.2d, Boundaries, section 22, page 564.

III. However, defendant argues plaintiffs' lands do not abut the bridgeway itself by reason of which there is no abutment with that part of the road vacated. This argument is without substance.

The order entered by defendant board is not before us. But plaintiffs' petitions alleged the area vacated is the public road 66 feet wide between the banks of Walnut Creek. For our purpose this factual allegation must be accepted as true. See Burd v. Board of Education of Audubon County, Iowa, 151 N.W.2d 457, 463, and Harvey v. Iowa State Highway Commission, 256 Iowa 1229, 1230, 130 N.W.2d 725.

With regard to the foregoing, section 306.8, Code, 1966, provides in part: "Any person owning land abutting on a road which it is proposed to vacate and close, shall have the right to file, in writing, a claim for damages at any time on or before the date fixed for hearing."

And section 306.10, states, inter alia: "Said commission or board may dismiss the proceedings, or it may vacate and close such road, part thereof, or crossing, in which event it shall determine and state in the order the amount of the damages allowed to each claimant. Said order thus entered shall be final except as to the amount of the damages."

■ As employed in section 306.8, supra, the term "land abutting on a road" means lands adjoining, coming together with, contiguous to, meeting or touching a roadway. See section 4.1(2), Code, 1966; Wormley v. Board of Supervisors, 108 Iowa 232, 234, 78 N.W. 824; State v. Fuller, Tex., 407 S.W.2d 215, 220–221; State ex rel. Badtke v. School Board of Joint Common School Dist., 1 Wis.2d 208, 83 N.W.2d 724, 726–727; 1 C.J.S., "Abut", page 406; 25 Am.Jur., Highways, section 153, page 448; and Black's Law Dictionary, Fourth Ed., pages 25–26.

■ Since each of these plaintiffs owned land, including the creek bed, adjoining the right of way vacated, they were owners of lands abutting the road vacated or closed.

IV. As aforesaid it is also urged by defendant board, plaintiffs have the same rights of access to their lands as they had prior to the vacation of a part of the secondary road. Stated otherwise, it is argued plaintiffs can recover no damages because their rights of access have not been substantially interfered with or cut off.

However, that argument presupposes we are here dealing only with rights of access to and from a given point on the roadway and a given point on plaintiffs' lands, which is not our problem.

Neither are we here confronted with a question as to whether an owner of a single

unit tract of land adjacent to a highway, may recover damages allegedly sustained by virtue of the vacation of a remote part of it, as in Hinrichs v. Iowa State Highway Commission, Iowa, 152 N.W.2d 248; Brady v. Shinkle, 40 Iowa 576; and other interim factually comparable cases.

In fact, the issue presented in the case at bar is whether an owner of land abutting an access free county road, part of which is vacated in such manner as to eliminate an only existing direct means of access between two portions of his land, operated as a single unit, may be resultantly damaged within the purview of chapter 306, Code, 1966.

Touching on that subject we said, in Lehman v. Iowa State Highway Comm., 251 Iowa 77, 83–84, 99 N.W.2d 404, 407: "It is of course true that where, as here, a new highway is put through land its controlled-access character is relevant on the issue of damages to the property resulting from the severance. If the highway is of the controlled-access kind the severance is more complete and the diminution in value of the land because of the increased inconvenience in going from one tract to the other is properly to be considered in making the award. Clevenger, (State ex rel. State Highway Commission v. Clevenger, 365 Mo. 970, 291 S.W.2d 57), Burk (State By and Through State Highway Commission v. Burk, 200 Or. 211, 265 P.2d 783), and Calkins (State v. Calkins, 50 Wash.2d 716, 314 P.2d 449), supra; Note 43 Iowa Law Review, 258, 267, 268. * * * But we see a clear distinction between denial of access to the highway itself and a severance of the land which results in inconvenience in going from one tract to the other."

And Magdefrau v. Washington County, 228 Iowa 853, 859, 293 N.W. 574, 576, contains this quote from Heery v. Roberts, 186 Iowa 61, 73, 170 N.W. 405, 172 N.W. 161: "* * * 'there may be a claim for damages on account of the vacation of a highway, if that highway be adjacent to a tract of land to which the owner has no other convenient means of access; because, in such case, the owner of the land suffers a special damage, separate and distinct from that suffered by the general public.'"

Continuing, this court said: "The claim for damages in the case at bar, filed with the board, brings it within the rule announced in the above case of Heery v. Roberts, supra. Claimants own land in the quarter section east of and abutting upon the road proposed to be vacated. Their claim states that Williams Creek, which cuts such road, cannot be crossed with farm implements or vehicles except over the bridge on said road, and access to their land south of the creek will be prevented, except by a long detour or heavy expense. It is apparent that the allegations of their claim state damages peculiar to themselves and not to the general public."

And Hultman, Eminent Domain in Iowa, Revised Ed., (1962), page 22, states: "* * * once a right of access vests in the landowner, it is regarded as one of the rights appurtenant to ownership which may not be appropriated * * * without compensation. This is the case where access to a road is cut off, a road is vacated or abandoned, * * * a viaduct is erected, or a bus stop is created, so long as access to the property by means of a road, street, or other publicly owned property is cut off or substantially impaired."

As a basis for this statement, he refers to Iowa State Highway Commission v. Smith, 248 Iowa 869, 874–875, 82 N.W.2d 755, 73 A.L.R.2d 680; Anderlik v. Iowa State Highway Commission, 240 Iowa 919, 924–925, 38 N.W.2d 605; Prymek v. Washington County, 229 Iowa 1249, 1252–1254, 296 N.W. 467; Nalon v. City of Sioux City, 216 Iowa 1041, 1043–1046, 250 N.W. 166; Hubbell v. City of Des Moines, 173 Iowa 55, 60–64, 154 N.W. 337; and Ridgway v. City of Osceola, 139 Iowa 590, 593, 117 N.W. 974.

See also Wilson v. Iowa State Highway Commission, 249 Iowa 994, 1004, 90 N.W.2d

161, and Liddick v. City of Council Bluffs, 232 Iowa 197, 5 N.W.2d 361.

In support of its position defendant cites and leans heavily on Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N.W.2d 60, and Christensen v. Board of Supervisors of Woodbury County, 253 Iowa 978, 114 N.W.2d 897. We find these cases not here controlling.

Warren, supra, involved a chapter 306A police power proceeding, where property owner's access by direct route over an established secondary roadway between two noncontiguous single unit operated tracts of land, neither of which abutted the vacated portion of a road, was cut off by vacation of a part of that road in connection with construction of an access controlled highway. *Without reference to the matter of severance,* this court held the owner suffered no compensable injury since he still had access, though circuitous, to and from the two tracts via the existing general highway system, his inconvenience being no different than that suffered by the public generally.

And in Christensen v. Board of Supervisors of Woodbury County, supra, loc. cit., 253 Iowa 981, loc. cit. 114 N.W.2d is the statement: "This case is identical with Warren v. Iowa State Highway Commission, supra."

We conclude where, as in the instant case, two portions of a given tract of land employed as a single unit are operatively inaccessible one to the other, except by passage over an adjacent access free road, and an abutting part of that roadway is vacated, pursuant to chapter 306, Code, 1966, in such manner as to substantially interfere with or cut off existing access from one portion to the other by means of such road, then there has been, in effect if not in fact, a severance of the two portions for which damages may be recovered under the provisions of that law above cited.

In addition to authorities already adduced, the following lend general support to the views expressed above. Jones v. Iowa State Highway Commission, 259 Iowa 616, 144 N.W.2d 277, 281–282; Johnson County Broadcasting Corp. v. State Highway Comm., 256 Iowa 1251, 1254–1256, 130 N.W.2d 707; Stortenbecker v. Iowa Power & Light Co., 250 Iowa 1073, 1075–1076, 96 N.W.2d 468; Paulson v. State Highway Commission, 210 Iowa 651, 655–656, 231 N.W. 296; State Through Dept. of Highways v. Williams, La.App., 131 So.2d 600, 603–604; Wolfe v. City of Providence, 77 R.I. 192, 74 A.2d 843, 850–851; Nichols on Eminent Domain, Third Ed., section 14.31 (1); 39 C.J.S. Highways § 139, page 1077; 43 Iowa L.Rev. 258, 267–268; and 70 Dickinson L.Rev. 139.

V. It is to us evident plaintiffs alleged a cause of action and trial court correctly overruled defendant's motions to dismiss.

Affirmed as to each case.

GARFIELD, C. J., and LARSON, MOORE, MASON, BECKER and Le-GRAND, JJ., concur.

SNELL, J., concurs in the result.

STUART, Justice (dissenting).

I respectfully dissent. If recovery is to be allowed here, Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N.W.2d 60 and Christensen v. Board of Supervisors, 253 Iowa 978, 114 N.W.2d 897, should be overruled. Factual differences are inconsequential and immaterial. We should not deny recovery to persons situated as Warren was situated and permit this plaintiff to recover. The inconvenience in the Warren case was greater than the inconvenience suffered by plaintiff. If the reasons for denying recovery stated in Warren are valid, they apply here. If we now feel this type of injury should be compensated, we should overrule Warren and Christensen.