**Ralph FLEENER and Dorothy Fleener, Appellants,**

v.

**The BOARD OF SUPERVISORS OF POWESHIEK COUNTY, Iowa, Appellee.**

**No. 2–56751.**

Supreme Court of Iowa.

Oct. 20, 1976.

C. M. Manly, Grinnell, and Roger W. Sunleaf, Montezuma, for appellants.

Max H. Buck, Marshalltown, and Richard J. Vogel, Grinnell, for appellees.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

REES, Justice.

This is an appeal from judgment entered on a jury verdict for defendants in a case involving the vacation of a county road. The Board of Supervisors of Poweshiek County had vacated a county public road which ran along the south side of the premises owned by plaintiffs and plaintiffs' claim for damages submitted to defendant Board was denied. Plaintiffs now appeal from judgment entered on the verdict of the jury denying them damages on their appeal to the district court. We affirm.

Plaintiffs are the owners of a farm premises consisting of approximately 300 acres, all located in Section 6, Township 80, North, Range 16, West of the 5th P.M. in Poweshiek County. Plaintiffs' premises are shaped substantially as a lower case letter "h", and until the vacation of the road in question plaintiffs' premises were accessible to public roads on all four sides. The following sketch will serve to afford a better understanding of the factual situation.

Section 6

Cross-hatched area owned by appellants.

As is apparent from the foregoing drawing, the base of each leg of the "h"-shaped tract abutted upon the road which was closed by action of the Board of Supervisors pursuant to chapter 306, The Code. A creek runs through the property of plaintiffs which required plaintiffs or anyone farming the entire tract to cross the creek. Plaintiffs contend they were deprived of reasonable access by the closure of the road on the south since they must now traverse the roads to the east, west and north of Section 6 to cross the creek. Plaintiffs advance the following issues for review, which they contend require a reversal:

A. Trial court erred in overruling plaintiffs' objections to opinion testimony relative to value where the witness did not consider the circuity of travel, and

B. Trial court erred in overruling plaintiffs' motion for a new trial based on alleged misconduct of the trial jury.

I. Plaintiffs contend the defendant's witness, Richard White, failed to qualify as an expert valuation witness because he was unable to define "fair market value" to the satisfaction of plaintiffs. The record indicates White did testify correctly to a definition of the meaning of "fair market value" although his definition is contained in answer to two different questions.

■ A witness need not be "expert" to render an opinion as to value. "Economic realities are so fundamental that the value or market prices of many items are commonly known and little effort is needed to acquire special knowledge as to specific items." 19 Drake L.Rev. 245, 254; see also 31 Am.Jur.2d, Expert and Opinion Evidence § 133, page 677.

■ Opinion testimony in a case involving valuation of real estate is virtually necessary. The jury may not be familiar with the lay of the land or be aware of contemporary values. Opinion testimony should be liberally admitted with the jury allotting proper weight to it under proper instructions. In *Fischer, Inc. v. Standard Brands, Inc.,* 204 N.W.2d 579, 582 (Iowa 1973), we said: "We are committed to a liberal rule on admission of opinion evidence." However, testimony without a proper basis, or that based on an erroneous interpretation of the law should be disregarded by the jury upon proper instruction by the court.

Plaintiffs also contend trial court erred in permitting witnesses to testify as to value when they admittedly did not consider circuity of travel. Plaintiffs operate their premises as a single unit, traveling from one side of the creek to the other frequently in connection with the operation of their farm. The closing of the road necessitates travel to the road north of Section 6 and on the two roads bordering the section on the east and west in order to get from one side of the creek to the other. Admittedly, this extra travel was not taken into account by the witness White in arriving at his valuation of the land. At trial, plaintiffs moved the court to strike the testimony of the witness White in its entirety on the basis that he had not considered circuity of travel in arriving at his valuation. Plaintiffs further contend trial court should have found as a matter of law that reasonable access had been denied them by the closure of the road in question and cite *Braden v. Board of Supervisors of Pottawattamie County,* 261 Iowa 973, 157 N.W.2d 123.

■ In connection with the reasonableness of access, trial court in its instruction # 6 advised the jury:

"The statutes of this state allow the closing or vacating of existing roads by county boards of supervisors, as in this case, for reasons they deem necessary and or proper.

"However, if in so doing, they take away or substantially impair or substantially interfere with the right of access then existing in an abutting property

owner, they must, under Iowa law compensate the property owner for the loss or infringement, as hereinafter set forth. The law provides that a fair and just compensation means the payment of such a sum of money to the owner as will serve to make the owner whole."

We must conclude the jury was properly instructed that it was required to find whether plaintiffs' access had been substantially interfered with or impaired by the closing of the road. The record does not support plaintiffs' contention that reasonable access had been denied as a matter of law. The facts presented are subject to differing inferences and the court properly presented the issue to the jury by the giving of instruction # 6.

II. Following the verdict of the jury, plaintiffs filed their motion for a new trial to which they appended the affidavit of one Clair Wells, a member of the trial jury, in which he deposed and stated that during the deliberations of the jury the members thereof considered the fact they were taxpayers of Poweshiek County and that they as taxpayers would have to pay any verdict rendered to the plaintiffs.

In its instruction # 14, the trial court instructed the jury:

"While the Plaintiffs are individuals and Defendant is the Board of Supervisors of Poweshiek County, Iowa, each has equal rights in court. The case is to be determined with the same fairness as though it were between individuals. You are to indulge in no prejudice against the Board of Supervisors of Poweshiek Coun-

ty, Iowa, or the Plaintiffs, nor are you to show the Board of Supervisors of Poweshiek County, Iowa, or the Plaintiffs special consideration."

It is presumed the jury is able and willing to follow the court's instructions. *Jones v. Iowa State Highway Commission*, 185 N.W.2d 746, 751 (Iowa 1971); *Giltner v. Stark*, 219 N.W.2d 700, 704 (Iowa 1974).

The question as to whether there was misconduct by the jurors in their discussion of their taxpayer status was well within the discretion of the trial court. A jury verdict should be set aside where jury misconduct is calculated to influence the jury and it is reasonably probable that it did so. See *State v. Jackson*, 195 N.W.2d 687 (Iowa 1972); *Rasmussen v. Thilges*, 174 N.W.2d 384 (Iowa 1970); *Hackaday v. Brackelsburg*, 248 Iowa 1346, 85 N.W.2d 514. Our review here is limited to a determination of the question as to whether substantial evidence supports the trial court's conclusion that a new trial should not be granted. We find no abuse of discretion in the order of the trial court overruling the motion for a new trial.

We are unable to perceive merit in plaintiffs' contentions. We therefore affirm.

AFFIRMED.