Marianne CROWLEY, Appellant,

v.

Carol Jean GLESSNER and Harry Glessner, Appellees.

No. 67726.

Supreme Court of Iowa.

Jan. 19, 1983.

Gerald T. Sullivan and Robert M. Fassler, Cedar Rapids, for appellant.

David F. McGuire, Cedar Rapids, for appellees.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

The jury in this personal injury suit returned a plaintiff's verdict allowing $50,000 compensatory damages but disallowing any punitive damages. On defendants' motion a new trial was ordered on the question of damages, both compensatory and punitive. Both parties appeal, plaintiff because the new trial was ordered, defendants because too much of a new trial was. Defendants protest reconsidering the punitive damages

claim. We think no new trial should have been ordered and hence we reverse and remand on plaintiff's appeal. Other questions thereby become moot.

Liability is not an issue. Defendants are husband and wife. An automobile they owned jointly was being driven by the wife. She was highly intoxicated and her erratic driving caused a collision with a car driven by the plaintiff. Plaintiff was injured. Her medical bills came to some $2200 and she will suffer future pain, disability, and expenses.

After the jury allowed $50,000 compensatory damages (and disallowed punitive damages) defendants filed the motion for new trial on 14 grounds. The trial court overruled 13 of them but granted a new trial on the basis of a juror's affidavit. The affidavit, executed by the jury foreman, stated in part:

The amount of compensatory damages which the jury considered the plaintiff was entitled was between $25,000.00 and $35,000.00.

There were statements from some of the jurors that the plaintiff would be required to pay 30% attorney's fees. Thus, based on this information, the jury added on an additional $15,000.00 for attorney's fees which was included in the $50,000.00 verdict.

Plaintiff argues, and we agree, that the affidavit was not competent and should not have been considered by the trial court. We have said:

A distinction must be drawn between inquiries into the internal workings of the jury and external pressures brought to bear on the decision-making process. The internal workings include what parts of the record or instructions were or were not considered, the jurors' discussion, their motivations, mental or emotional reactions, their votes, or other evidence which seeks to show that the actual decision of the jury was, or should have been, something other than what the verdict indicates. (Authority.) Such matters are said to "inhere" in the verdict. (Authority.) In this context, it is appropriate to invoke the parol evidence rule to prevent assaults on a verdict. Upon the basis of the parol evidence reasoning, or upon general policy grounds, or both, this type of evidence is incompetent. (Authorities.) In *State v. Hahn,* 259 N.W.2d 753, 757 (Iowa 1977) (statement by juror that he knew trial judge "hates" hung juries), this court stated the rule in very unequivocal terms:

We are obliged to ignore statements or affidavits of jurors as to whether the communications influenced their verdict. The principle is well settled a juror may not by affidavit or testimony state what influenced the jury in reaching the verdict.

On the other hand, evidence of external matters improperly brought to bear on the deliberations may be used to attack a verdict. These "objective" facts may be testified to by a juror. (Authorities.) Because such matters do not "inhere" in the verdict, the parol evidence rule is not violated....

*State v. Rouse,* 290 N.W.2d 911, 916–17 (Iowa 1980). *See also Harris v. Deere & Co.,* 263 N.W.2d 727, 729–30 (Iowa 1978).

Wide discretion is allowed a trial court in ruling on new trial motions, including those based on claimed jury misconduct. We reviewed a number of our decisions on the question in *Harris,* 263 N.W.2d at 731–34. But here the new trial was allowed solely on the basis of incompetent evidence offered for the purpose of challenging something that inhered in the jury verdict. *See Rasmussen v. Thilges,* 174 N.W.2d 384, 389–90 (Iowa 1970).

We are aware that other jurisdictions, sometimes because of a statute, take the opposite view and would affirm the granting of a new trial. *See* 66 C.J.S. *New Trial* § 58 at 178–79 (1964). Policy arguments supporting the granting of a new trial were stated in *Verren v. City of Pittsburg,* 227 Kan. 259, 607 P.2d 36 (1980), and *Dunn v. White,* 206 Kan. 278, 479 P.2d 215 (1970). We however are not persuaded. In our view it is better to accept as established those matters which inhere in a jury verdict.

Although we certainly in no way impugn the accuracy of the affidavit offered here we do not think it in the public interest to follow a policy which would encourage such postmortems. In some cases affidavits would be easy to acquire, in some cases impossible. In many cases they would be conflicting. It is better, in the interest of justice, to adhere to a policy aimed at finality of the jury determination.

We have refused to overturn verdicts merely because the jury discussed disapproved subjects. *Moose v. Rich,* 253 N.W.2d 565, 570 (Iowa 1977) (defendant protected by insurance); *Fleener v. Board of Sup'rs of Poweshiek County,* 246 N.W.2d 335, 338 (Iowa 1976) (members status as taxpayers who would be expected to help pay any award).

Because the affidavit offered was incompetent the trial court abused its discretion in ordering a new trial. The defendants then attempt to support the ruling on five alternative grounds for the new trial motion which the trial court rejected. We have carefully examined these grounds (excessive damages, prejudicial argument, failure to strike damage testimony, admission of video tape film, rehabilitation testimony). In each instance we find the trial court acted well within its discretion in disallowing the new trial on such a basis.

Other questions become moot by what we have said. The judgment of the trial court is reversed and the case is remanded for entry of a judgment on the basis of the jury verdict.

REVERSED AND REMANDED.