John William **NEYLAN** and Kevin C. Neylan, Plaintiffs-Appellants,

v.

**CLAYTON COUNTY BOARD OF SUPERVISORS,** Defendant-Appellee.

No. 85–1168.

Court of Appeals of Iowa.

June 4, 1986.

Michael J. Schuster, of Schuster & Mick, Guttenberg, for plaintiffs-appellants.

Kevin H. Clefisch, Clayton Co. Atty., Garnavillo, for defendant-appellee.

Considered by SNELL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Plaintiff landowners appeal the denial of their claim for road vacation damages. They assert the right to recover damages should not be limited to those persons owning land abutting the vacated road. In the alternative, it is claimed that there was sufficient evidence that their land abutted the vacated road. We affirm.

In June 1983, the Clayton County Board of Supervisors held a hearing pursuant to Iowa Code sections 306.11–306.14 regarding its proposal to vacate the county road known as Stoney Acres Road. Plaintiffs, who owned land in the vicinity, appeared at the hearing and objected to the proposal. They also filed a claim for damages pursuant to Iowa Code section 306.14 which provides in part that any person owning land which abuts a road to be vacated has the right to file a claim for damages. Following a hearing, the board of supervisors entered an order vacating Stoney Acres Road and denying the Neylans' claim for damages.

The Neylans subsequently filed an appeal with the district court and demanded a jury trial.

The evidence at trial shows that the Neylans claimed ownership of two separate parcels of land. One was a 160–acre farm about ½ mile from Stoney Acres Road. The other was a strip of land about 16½ feet wide and ½ mile long, running down the center of another county road, known as 85 NS. This strip of land alone connected the 160 acres to Stoney Acres Road. The Neylans' claim to the strip was based on a 1934 quit-claim deed.

The jury was instructed that only those persons whose land abuts a vacated road are entitled to seek damages. It was told that it was therefore to determine whether the Neylans had proved their land abutted Stoney Acres Road, and if so, whether and to what extent they would be damaged by the road vacation. The jury found that the Neylans' land did not abut Stoney Acres Road; it therefore rendered a verdict for the board of supervisors.

The Neylans have appealed from the judgment entered on the jury verdict.

I

■ Plaintiffs claim the trial court erred in requiring them to demonstrate their property abutted the vacated road in order to be entitled to damages. They contend that all that need be shown is that they are "affected property owners". We disagree with this interpretation of the law.

Iowa statutes and case law clearly indicate that damages are recoverable only by persons whose land abuts a vacated road,

and only if access to the abutting land is substantially interfered with by the road vacation. Iowa Code § 306.14 (1985); *Mulkins v. Board of Supervisors*, 374 N.W.2d 410, 412 (Iowa 1985); *Fleener v. Board of Supervisors*, 246 N.W.2d 335, 338 (Iowa 1976); *Braden v. Board of Supervisors*, 261 Iowa 973, 979–80, 157 N.W.2d 123, 127 (1968). We find that the trial court appropriately instructed the jury in this regard.

## II

■ The Neylans also argue that there is insufficient evidence to support the jury's conclusion that their land did not abut the vacated roadway. Plaintiffs claim they were entitled to a directed verdict or a judgment notwithstanding the verdict.

In considering this claim, we view the evidence in a light most favorable to the verdict regardless of whether the evidence was contradicted. *Larsen v. United Federal Savings & Loan Association*, 300 N.W.2d 281, 283 (Iowa 1981). In doing so, we conclude that the verdict was properly allowed to stand.

It is undisputed that the Neylans' farmland did not abut the vacated roadway. The only connection between the farm and the road was a rod wide strip of land running down the center of a county road surveyed in 1859. The plaintiff's claim to this strip of land is based upon a 1934 quit claim deed in which one John Neylan conveyed the strip to the plaintiffs' aunts.

As defendant points out, a quit claim deed, by its very nature, contains no warranties or representations regarding title. In fact, there is nothing in the record indicating that the grantor even had title to convey. This, coupled with the fact that the strip was part of a road which has existed since 1859, detracts from a finding that there was any recognizable ownership interest.*

Furthermore, it is apparent that the plaintiffs have not exerted any incidents of ownership. The Neylans have not maintained the land in question. Nor have they paid any real estate taxes on the one rod strip.

Based on this evidence, we conclude that the verdict should not be disturbed. The record supports the conclusion that plaintiffs did not own any land abutting the vacated road.

Finding no error we affirm the judgment of the trial court.

**AFFIRMED.**

---

* The Marketable Title Acts may have some applicability. This argument, however, was not raised at trial and, consequently, will not be considered on appeal.